[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 11, 2007
THOMAS K. KAHN
CLERK

No. 07-11120
Non-Argument Calendar

_____

D. C. Docket No. 05-00357-CR-J-32-TEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDRE LEANDER JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 11, 2007)

Before BIRCH, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Andre Leander Jackson appeals the 180-month sentence he received after he

was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Because the government produced sufficient evidence to show that Jackson's prior burglary conviction qualified as a violent felony under the Armed Career Criminal Act ("ACCA"), Jackson's argument to the contrary fails. Jackson has also raised two constitutional arguments for the first time on appeal, but those arguments fail as well. Accordingly, we affirm.

## I. BACKGROUND

In October 2005, Jackson was arrested and pleaded guilty to the charge of felon in possession of a firearm. Prior to this incident, Jackson had been convicted of eight felonies. Jackson concedes that two of the felonies constituted violent felonies under the ACCA. A third felony, burglary, is at issue in this case. The information for that burglary charged that on November 14, 1984, Jackson "did unlawfully enter or remain in a structure, to-wit: a building . . . with the intent to commit an offense therein, to-wit: a theft, contrary to the provisions of Section 810.02." Jackson pleaded guilty on February 25, 1985. The Florida trial court's initial judgment indicated that Jackson pleaded guilty to "Burglary, F-3." The final judgment dated March 18, 1986, however, shows that Jackson pleaded guilty to "burglary to a building" in violation of 810.01(3), third degree felony.

In this case, after the probation officer enhanced Jackson's sentence pursuant

2

to 18 U.S.C. § 924(e), Jackson objected to the determination that he is an armed career criminal on the ground that his burglary conviction is not a qualifying offense under the ACCA. At the sentencing hearing, Jackson argued that the government did not show that his burglary conviction qualified as a violent felony and thus did not meet its burden of proof. Jackson asserted that the indictment was unclear as to whether the crime was burglary to a structure or burglary to the curtilage of a structure.

The district court overruled Jackson's objection because it found that the March 18 judgment superceded the initial judgment and that Jackson pleaded guilty to burglary of a building. Furthermore, it found that the charging information and two judgments were sufficient to show that Jackson qualified under the ACCA because those documents revealed Jackson's guilty plea to burglary of a building, the offense charged. The district court sentenced Jackson to 180 months in prison, the minimum mandatory under 18 U.S.C. § 924(e), followed by five years' supervised release. Jackson appealed.

## II. STANDARD OF REVIEW

We review de novo a district court's determination that a particular conviction is a "violent felony" for purposes of the ACCA. *United States v. Matthews*, 466 F.3d 1271, 1273 (11th Cir. 2006) (citing *United States v. Wilkerson,*

3

286 F.3d 1324, 1325 (11th Cir.2002) (per curiam)).

## III. DISCUSSION

A. The "Violent Felony" Question

Under 18 U.S.C. § 924(e), the ACCA, a person who violates 18 U.S.C. § 922(g) and has three previous convictions for a "violent felony," a serious drug offense, or both, is an armed career criminal and subject to imprisonment for a period of not less than 15 years. *Wilkerson*, 286 F.3d at 1325. The ACCA defines a violent felony as:

> [A]ny crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that-
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. § 924(e)(2)(B).

### 1. Generic Burglary

To constitute a violent felony under the ACCA, a "burglary" must be a generic burglary, that is, it must have "the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to

4

commit a crime." *Taylor v. United States*, 495 U.S. 575, 599, 110 S.Ct. 2143, 2158, 109 L.Ed.2d 607 (1990). According to the Supreme Court, a district court may examine the charging document, plea agreement, plea colloquy, or "some comparable judicial record of this information" to determine whether a prior burglary conviction is generic or non-generic based on a guilty plea. *Shepard v. United States*, 544 U.S. 13, 26, 125 S.Ct. 1254, 1263, 161 L.Ed.2d 205 (2005).[1]

We have noted, however, that "a district court may not rely on a charging document without first establishing that the crime charged was the same crime for which the defendant was convicted." *United States v. Spell*, 44 F.3d 936, 940 (11th Cir. 1995). We have also recognized that under the ACCA, a district court "may look beyond the 'fact of conviction and the statutory definition of the prior offense' to the particular facts underlying those convictions only in 'a narrow range of cases' where it is impossible to determine from the face of the judgment or the violated statute whether the prior conviction was for a violent felony." *United States v. Taylor*, 489 F.3d 1112, 1113 (11th Cir. 2007) (per curiam) (quoting *Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143, 2160, 109 L.Ed. 2d. 607 (1990)).

---

[1] The *Shephard* Court rejected a sentencing court's use of a police report as unreliable in determining whether a crime was generic or non-generic burglary. *Id.* Accordingly, Jackson's argument that the sentencing court should have examined the police report fails.

At all relevant times, Florida law defined third-degree felony burglary as an unprivileged entry into an unoccupied structure or an unoccupied conveyance with intent to commit an offense therein. Fla. Stat. § 810.02 (1984). A structure was defined to include the curtilage of the structure. Fla. Stat. § 810.011(1) (1984). Jackson pleaded guilty to "unlawfully enter[ing] or remain[ing] in a structure, to-wit: a building." The district court found that Jackson pleaded guilty to the same crime with which he had been charged. The court appropriately looked to the information and judgment underlying the burglary conviction, therefore, to determine whether it constituted a generic burglary for purposes of the ACCA. *See Shepard*, 544 U.S. at 26, 125 S.Ct. at 1263.

While on its face Jackson's conviction is not clearly for generic burglary or burglary of a structure's curtilage, the charging document indicates that he did, in fact, burglarize a building. Accordingly, because this offense "ha[d] the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime," we agree with the district court that it qualifies as a generic burglary under the ACCA. *See Taylor*, 495 U.S. at 598, 110 S.Ct. at 2158.

### 2. Non-generic Burglary

Additionally, we have held that because Florida law narrowly defines "the

6

curtilage of a structure to include only an enclosed area surrounding a structure," a burglary of a structure's curtilage is a crime that presents a serious potential risk of physical injury to another under the ACCA's residual clause. *Matthews*, 466 F.3d at 1275. The Supreme Court recently noted in *James v. United States* that the residual provision of the ACCA can "cover conduct that is outside the strict definition of, but nevertheless similar to, generic burglary." 127 S.Ct. 1586, 1600, 167 L.Ed. 2d 532 (2007) (citation and internal quotation marks omitted). The Court held that attempted burglary of the curtilage "'presents a serious potential risk that violence will ensue and someone will be injured'." *Id.* (quoting *Matthews*, 466 F.3d at 1275). Thus, even if Jackson's conviction had been for burglary of curtilage, he would still qualify as an armed career criminal under the ACCA.

B.  Constitutional Arguments Raised for the First Time on Appeal

Jackson raises two additional arguments for the first time on appeal. First, he argues that the district court violated his Sixth Amendment right to a jury trial by determining his status as a career criminal based on its own finding that he had three qualifying convictions under the statute. *See Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed. 2d 235 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a

7

reasonable doubt.").  Jackson maintains that his situation falls outside the exception for use of prior convictions because the district court had to determine the precise nature of the crime underlying the prior conviction.  We have previously rejected that argument, however, as having been "foreclosed by Supreme Court precedent."  *Matthews*, 466 F.3d at 1273 n.2 (citing *United States v. Greer*, 440 F.3d 1267, 1275 (11th Cir. 2006)); *see also James*, 127 S.Ct. at 1600.

The second argument that Jackson raises for the first time on appeal is that the ACCA is void for vagueness in violation of the Due Process Clause, both facially and as-applied.  We "may not correct an error the defendant failed to raise in the district court unless there is: '(1) error, (2) that is plain, and (3) that affects substantial rights.' . . . 'If all three conditions are met, [we] may then exercise [our] discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings'."  *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005) (quoting *United States v. Cotton*, 525 U.S. 625, 63, 122 S.Ct. 1781, 1785, 152 L.Ed. 2d 860 (2002)).  Furthermore, we have held that an error is not plain "if it is not clear under current law."  *United States v. Chau*, 426 F.3d 1318, 1322 (11th Cir. 2005) (per curiam).

"Vagueness may invalidate a criminal statute if it either (1) fails 'to provide the kind of notice that will enable ordinary people to understand what conduct it

prohibits' or (2) authorizes or encourages 'arbitrary and discriminatory enforcement'." *United States v. Eckhardt*, 466 F.3d 938, 944 (11th Cir. 2006), *cert. denied*, 127 S. Ct. 1305 (2007) (quoting *City of Chicago v. Morales*, 527 U.S. 41, 56, 119 S.Ct. 1849, 1859, 144 L.Ed. 2d 67 (1999)). When a challenge based on vagueness does not involve the First Amendment, we review the statute as it was applied. *United States v. Awan*, 966 F.2d 1415, 1424 (11th Cir. 1992) (citation omitted).

Because Jackson's challenge does not involve any First Amendment issues, Jackson's facial challenge necessarily fails. *See Awan*, 966 F.2d at 1424. Regarding his as-applied challenge, Jackson does not cite to any precedent holding that any specific ACCA provision, much less the entire statute, is unconstitutionally vague. Moreover, neither the Supreme Court nor this Circuit has held that any ACCA section, let alone the entire ACCA, is unconstitutionally vague. Thus, under *Chau*, even if it was error, it was not plain error because it is not clear under current law. *Chau*, 426 F.3d at 1322. Accordingly, Jackson's as-applied challenge to the ACCA as unconstitutionally vague fails.

## CONCLUSION

For the reasons set forth above, we affirm.

**AFFIRMED.**

9