[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13680
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 14, 2011
JOHN LEY
CLERK

D.C. Docket No. 9:10-cr-80037-DMM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KANE CHRISTOPHER WHEELER, JR.,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 14, 2011)

Before BARKETT, WILSON and ARNOLD,* Circuit Judges.

PER CURIAM:

--------

* Honorable Morris S. Arnold, United States Circuit Judge for the Eighth Circuit, sitting by designation.

Kane Christopher Wheeler appeals his sentence of 180 months' imprisonment, imposed after he pled guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Wheeler was sentenced as an armed career criminal under the Armed Career Criminal Act ("ACCA"), his prior three convictions for third degree burglary under Florida Statutes § 810.02, serving as the predicate offenses. Wheeler argues that third degree burglary under Florida law is different from generic burglary and does not pose a risk of serious injury to another person, thereby not qualifying as a "violent felony" for purposes of sentencing under the ACCA.

This Court considers <u>de novo</u> whether a particular conviction is a violent felony for purposes of the ACCA. <u>United States v. Wilkerson</u>, 286 F.3d 1324, 1325 (11th Cir. 2002). Under the ACCA, a person who violates 18 U.S.C. § 922(g) and who has three previous convictions for a violent felony, a serious drug offense, or both, is an armed career criminal and subject to imprisonment for a period of not less than 15 years. 18 U.S.C. § 924(e)(1). The ACCA defines a violent felony as:

> [A]ny crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that . . .

(ii) is <u>burglary</u>, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>[.]

<u>Id.</u> § 924(e)(2)(B) (emphasis added). Thus, a defendant may be sentenced as an armed career criminal if his prior offense is <u>either</u> for one of the enumerated offenses <u>or</u> it "involves conduct that presents a serious potential risk of physical injury to another" person.

In <u>Taylor v. United States</u>, the Supreme Court adopted the generic meaning of "burglary" for purposes of the ACCA, holding that an offense qualifies as an enumerated offense in the statute so long as it includes, at a minimum, the elements of "an unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." 495 U.S. 575, 599 (1990). The Court explained that Congress did not intend to limit generic burglary to especially dangerous burglaries, but also included "run-of-the-mill burglaries involving an unarmed offender, an unoccupied building, and no use or threat of force." <u>Id.</u> at 597. The Court directed courts to use a categorical approach to determine if a predicate offense is equivalent to generic burglary. <u>Id.</u> at 602.

It is by now well-understood that under the categorical approach, courts may look only to the fact of conviction and the statutory definition of the predicate offense. <u>Id.</u> However, in those cases where it is unclear from the statutory

3

definition whether a conviction would include generic or non-generic burglary, for example in those states where burglary could include entry into an automobile, a trial court may also look to the indictment, information or jury instructions to determine if the defendant was convicted of generic burglary. Id.; see also Shepard v. United States, 544 U.S. 13, 26 (2005) (holding that the trial court may examine the charging document, plea agreement, plea colloquy, or "some comparable judicial record of this information").

Florida defines burglary as "entering a dwelling, a structure, or a conveyance with the intent to commit an offense therein." Fla. Stat. § 810.02(1)(b). A burglary is a felony of the third degree if, "in the course of committing the offense, the offender does not make an assault or battery and is not and does not become armed with a dangerous weapon or explosive," and the structure or conveyance is unoccupied. Fla. Stat. § 810.02(4).

On its face, Florida's third degree burglary statute is non-generic in at least two regards. First, in addition to covering buildings and structures, it also includes "conveyance" which is defined as a "motor vehicle, ship, vessel, railroad vehicle or car, trailer, aircraft, or sleeping car." See Fla. Stat. § 810.011(3). Second, Florida defines "structure," as it is used in the burglary statute, to include the curtilage of the structure, which the Florida Supreme Court has construed

4

narrowly to include some form of an enclosure around the structure. See State v. Hamilton, 660 So. 2d 1038, 1044 (Fla. 1995); see also James v. United States, 550 U.S. 192, 212-13 (2007) (citing to Hamilton's definition of curtilage and noting that Florida's definition of curtilage takes the offense of burglary outside of Taylor's definition of generic burglary).

Here, Wheeler was convicted of burglary of a structure in each of the three predicate offenses. Because Florida's third degree burglary statute is non-generic, we apply a modified categorical approach, looking past the statute to the Information and Judgment of Conviction to determine if Wheeler's convictions still qualify as burglary for purposes of the ACCA. See United States v. Rainer, 616 F.3d 1212, 1215 (11th Cir. 2010) (explaining that when applying a modified categorical approach a "conviction under a non-generic burglary statute still counts as 'burglary' under the ACCA if the defendant was actually found guilty of the elements of a generic burglary"). As was the situation in United States v. Matthews, 466 F.3d 1271, 1274-75 (11th Cir. 2006), we cannot surmise from this record whether Wheeler's convictions were for burglary of the roofed portion of the structures. Thus, we cannot state that he was convicted of the elements of generic burglary and must determine whether his convictions under Florida's third degree burglary statute satisfy the ACCA's residual clause of constituting a crime

5

that "otherwise involves conduct that presents a serious potential risk of physical injury to another[.]" § 924(e)(2)(B)(ii).

We previously considered this precise question in Matthews, concluding that even when the burglary takes place in the curtilage and not under the roofed part of the structure, it "is indeed a crime that presents a serious potential risk of physical injury to another." Id. at 1275 (internal quotation marks omitted). We noted that the burglar could come into contact with the property's owners or occupants and that his presence alone could be considered threatening and lead to violence. Id. Accordingly, the Matthew's Court concluded that Florida's offense of third degree burglary qualified as a violent felony under the residual clause of the ACCA. Id.

Since the time of our decision in Matthews, the Supreme Court has rendered several other decisions, including James, 550 U.S. at 209; Begay v. United States, 553 U.S. 137 (2008), and Chambers v. United States, 555 U.S. 122 (2009), that further address the ACCA's residual clause. Based on this Supreme Court precedent, our circuit now applies a three-step test to determine if an offense involves conduct that presents a serious potential risk of physical injury to another. See United States v. Harris, 608 F.3d 1222, 1227 (11th Cir. 2010). We first take a categorical approach, reading the statute itself to determine how the

6

crime is ordinarily committed. Id. Based on this understanding of the offense, we ask (1) "whether the crime poses a 'serious potential risk of physical injury' that is similar in degree to the risks posed by the enumerated crimes"; (2) then "examine . . . whether that crime was similar in kind and in degree to the enumerated crimes"; and (3) finally ask "whether the conduct at issue in the statute is 'purposeful, violent and aggressive.'" Id. And most recently, the Supreme Court clarified in Sykes v. United States, ___ U.S. ___, ___;131 S. Ct. 2267, 2275 (2011), that it is the "levels of risk [that] divide crimes that qualify from those that do not," noting that "[t]he phrase 'purposeful, violent, and aggressive' [as used in Begay] has no precise textual link to the residual clause, which requires that an ACCA predicate 'otherwise involve conduct that presents a serious potential risk of physical injury to another.'"

Because we cannot state that any of the Supreme Court's recent decisions abrogate our holding in Matthews that a conviction under Florida's third degree burglary statute qualifies as a violent felony under the ACCA's residual clause, we cannot state that the district court erred in sentencing Wheeler as armed career criminal based on his three convictions for third degree burglary in Florida.

**AFFIRMED.**