RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 14a0108p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,

                  *Plaintiff-Appellee,*

v.

                  No. 13-5344

TIMOTHY PHILLIPS,

                  *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Tennessee of Chattanooga.
No. 1:12-cr-00052-1—Harry S. Mattice, Jr., District Judge.

Argued: January 28, 2014

Decided and Filed: May 27, 2014

Before: GUY, GIBBONS, and ROGERS, Circuit Judges.

_____

**COUNSEL**

**ARGUED:** Laura E. Davis, FEDERAL DEFENDER SERVICES OF EASTERN TENNESSEE, INC., Knoxville, Tennessee for Appellant. Gregg L. Sullivan, UNITED STATES ATTORNEY'S OFFICE, Chattanooga, Tennessee for Appellee. **ON BRIEF:** Laura E. Davis, FEDERAL DEFENDER SERVICES OF EASTERN TENNESSEE, INC., Knoxville, Tennessee for Appellant. Gregg L. Sullivan, UNITED STATES ATTORNEY'S OFFICE, Chattanooga, Tennessee for Appellee.

      GIBBONS, J., delivered the opinion of the court in which, GUY, J., joined. ROGERS, J. (pp. 8–11), delivered a separate dissenting opinion.

_____

**OPINION**

_____

JULIA SMITH GIBBONS, Circuit Judge.   Timothy Phillips pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).   The district court determined that Phillips qualified for an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), based in part on a prior Florida third-degree burglary-of-a-structure conviction.   The Florida statute defined burglary in the third degree as burglary in which the offender does not commit assault or battery, does not become armed with a dangerous weapon, and required that the structure be unoccupied.   Fla. Stat. § 810.02(4).   On appeal, the government contends that Phillips's burglary conviction is a violent felony within the meaning of the ACCA's residual clause, which defines violent felony as a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another."   18 U.S.C. § 924(e)(2)(B)(ii).

The Supreme Court has explained that under Florida's burglary statute attempted burglary is a violent felony within the meaning of the ACCA's residual clause in part because of the potential risk of violent confrontation with passersby.   Because that risk is present when offenders commit the crime of third-degree burglary as defined by Florida law, we hold that the offense of conviction falls within the ACCA's residual clause.   We also reaffirm that the ACCA's residual clause is not unconstitutional.

**I.**

In 1999, Timothy Phillips was convicted of a third-degree felony for burglary of a structure.   Florida defines burglary as "entering or remaining in a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain."   Fla. Stat. § 810.02(1)(a).[1]   Subsection (4) provides:

_____

[1]The statute has been amended since Phillips committed the crime but is not materially different.

Burglary is a felony of the third degree, . . . if, in the course of committing the offense, the offender does not make an assault or battery and is not and does not become armed with a dangerous weapon or explosive, and the offender enters or remains in a:

(a) Structure, and there is not another person in the structure at the time the offender enters or remains[.]

*Id*. § 810.02(4)(a).

In 2012, Philips pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The Presentence Report determined that Phillips qualified for an enhanced sentence under the ACCA, concluding that his Florida conviction was a burglary as defined in 18 U.S.C. § 924(e)(2)(B)(ii).[2]

Phillips objected to the ACCA enhancement on three grounds. First, he argued that his prior conviction was not categorically a generic burglary within the meaning of § 924(e)(2)(B)(ii) under *Taylor v. United States*, 495 U.S. 575 (1990), and that the government had failed to prove that his was a generic burglary with appropriate *Shepard* documents, *see Shepard v. United States*, 544 U.S. 13, 16 (2005). Second, he argued that the ACCA's residual clause did not apply because the Florida statute defined third-degree burglary to exclude the potential presence of a victim, thereby eliminating a serious potential risk to others. Third, he argued that the residual clause was unconstitutionally vague.

The district court concluded that the proffered documents adequately demonstrated that Phillips was convicted of a "burglary" within the meaning of the ACCA. The district court thus found it unnecessary to determine whether Phillips's burglary conviction qualified under the ACCA's residual clause. Phillips timely appealed.

**II.**

The government concedes that, in light of the Supreme Court's recent decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013), which postdates the district court's judgment, the evidence in the record does not establish that Phillips committed a generic

---

[2]Phillips concedes that two other convictions are predicate offenses.

burglary. Nevertheless, we may affirm the district court on any ground supported by the record. *United States v. Gill*, 685 F.3d 606, 609 (6th Cir. 2012). We therefore turn to the applicability of the ACCA's residual clause.

**A.**

We review *de novo* the question whether a defendant's prior conviction is a violent felony under the ACCA. *See United States v. Stafford*, 721 F.3d 380, 395–96 (6th Cir. 2013). We also review a challenge to the constitutionality of a statute *de novo*. *Id*. at 403.

**B.**

The ACCA imposes a fifteen-year minimum sentence on a defendant convicted under 18 U.S.C. § 922(g) when that defendant has three or more prior convictions for a "violent felony" or a "serious drug offense" or both. 18 U.S.C. § 924(e)(1). The ACCA contains a list of enumerated violent felonies: burglary, arson, extortion, and crimes involving the use of explosives. *Id*. § 924(e)(2)(B)(ii). The ACCA's residual clause defines a violent felony as a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id*.

"A sentencing court applies a 'categorical' approach to determine the nature of a prior conviction, which means that it focuses on the statutory definition of the offense, rather than the manner in which an offender may have violated the statute in a particular circumstance." *United States v. Denson*, 728 F.3d 603, 607 (6th Cir. 2013). Under the ACCA's residual clause, "the proper inquiry is whether the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another." *James v. United States*, 550 U.S. 192, 208 (2007); *see also Sykes v. United* States, 131 S. Ct. 2267, 2273 (2011). "[A] crime involves the requisite risk when 'the risk posed by the [crime in question] is comparable to that posed by its closest analog among the enumerated offenses.'" *Sykes*, 131 S. Ct. at 2273 (alterations in original) (quoting *James*, 550 U.S. at 203).

This analysis begins by considering the elements of the statute at issue. *James*, 550 U.S. at 202. Phillips's prior conviction was for third-degree burglary of a structure. Fla. Stat. § 810.02(4). Burglary under Florida law "means entering or remaining in a dwelling, a structure,

or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain." *Id*. § 810.02(1)(a).

> Burglary is a felony of the third degree, . . . if, in the course of committing the offense, the offender does not make an assault or battery and is not and does not become armed with a dangerous weapon or explosive, and the offender enters or remains in a:
>
> (a) Structure, and there is not another person in the structure at the time the offender enters or remains[.]

*Id*. § 810.02(4).

Phillips argues that, by its very terms, the statute precludes a serious potential risk of injury to another—to be convicted, no other person may be present within the structure. But the Supreme Court has explained the risk of burglary otherwise.

> The main risk of burglary arises not from the simple physical act of wrongfully entering onto another's property, but rather from the possibility of a face-to-face confrontation between the burglar and a third party—whether an occupant, a police officer, or a bystander—who comes to investigate. That is, the risk arises not from the completion of the burglary, but from the possibility that an innocent person might appear while the crime is in progress.

*James*, 550 U.S. at 203; *see also id.* at 204 (citing *United States v. Payne*, 966 F.2d 4, 8 (1st Cir. 1992) ("In all of these cases the risk of injury arises, not from the completion of the break-in, but rather from the possibility that some innocent party may appear on the scene while the break-in is occurring.")). Thus, according to *James*, there are two classes of individuals put at risk by burglaries: occupants and passersby. Phillips argues, in effect, that removing occupants from the equation so diminishes the potential risk of injury that this is no longer a crime of violence. But neither this court, nor any court, has ever so held. While the likelihood of confrontation with occupants or passersby is certainly greater than that with passersby only, a serious potential risk of physical injury to passersby still remains. *See James*, 550 U.S. at 203.

This conclusion comports with the proper analytical approach to the residual clause. On a general level the residual clause asks us to compare the crime in question to its closest analog among the enumerated offenses, *see Sykes*, 131 S. Ct. at 2273, generic burglary in this case. We have held that a conviction under the same Florida statutory subsection is a generic burglary

when the government proves with appropriate documents that the defendant burglarized a structure and not its curtilage. *See United States v. Ortkiese*, 208 F. App'x 436, 440–41 (6th Cir. 2006); *see also United States v. Jackson*, 250 F. App'x 926, 929 (11th Cir. 2007). The only reason that Phillips's conviction is not for generic burglary is the fact that the government failed to prove whether Phillips burglarized a structure (which is a generic burglary) or its curtilage (which is not). In this case, burglaries involving curtilage are the residuum not covered by the ACCA's definition of burglary.

This is precisely where the residual clause is operative. It "cover[s] conduct that is outside the strict definition of, but nevertheless similar to, generic burglary." *James*, 550 U.S. at 212. It stands to reason that, if third-degree burglary of a structure is a generic burglary, if the only thing separating Phillips's conviction and generic burglary is the possibility that the crime occurred on a structure's curtilage, and if the residual clause is meant to cover conduct substantially similar to the enumerated, generic burglary, then the residual clause covers Phillips's conviction. A contrary conclusion would mean the possibility that the crime took place on a structure's curtilage was, as a matter of practical import, outcome determinative. It is not. *See James*, 550 U.S. at 213 ("[A] burglar who illegally attempts to enter the [structure's curtilage under Florida law] creates much the same risk of physical confrontation with a property owner, law enforcement official, or other third party as does one who attempts to enter the structure itself.").

Our conclusion is in accord with the other circuits to consider whether a conviction under § 810.02(4)(a) presents a serious potential risk of physical injury to another in the ordinary case. *See United States v. Wheeler*, 434 F. App'x 831, 833–34 (11th Cir. 2011); *United States v. Sanchez-Ramirez*, 570 F.3d 75, 83 (1st Cir. 2009); *United States v. Matthews*, 466 F.3d 1271, 1275 (11th Cir. 2006). As explained by the First Circuit in *Sanchez-Ramirez*:

> In discussing the dangers inherent in attempted burglary of a dwelling, the Court in *James* reasoned that the "risk arises not from completion of the burglary, but from the possibility that an innocent person might appear while the crime is in progress." *Id.* at 203, 127 S. Ct. 1586. In addition to building occupants—not a factor in this case—the Court also noted the possibility of confrontation with police or bystanders who might investigate. *Id.* These risks are present equally in Sanchez's third-degree "structure-curtilage" burglary convictions. We therefore conclude that those convictions satisfy the elements of the ACCA residual clause.

570 F.3d at 83.

We acknowledge Judge Rogers's well-reasoned dissent and agree that the facts of Phillips's burglary do not fit comfortably within the ACCA's residual clause. Indeed, the dissent may paint a better picture of how the law should be. But we cannot square the dissent's result with the Supreme Court's clear admonition in *James* that the "risk [of burglary] arises not from the completion of the burglary, but from the possibility that an innocent person might appear while the crime is in progress." 550 U.S. at 203. Accordingly, like the First and Eleventh Circuits, we hold that a conviction for third-degree burglary of a structure in Florida is a "violent felony" within the meaning of the ACCA's residual clause.

## C.

Finally, Phillips asks us to consider whether the ACCA's residual clause is void for vagueness. He does so candidly, acknowledging that he raises the argument to preserve the issue for Supreme Court review. Binding precedent holds that the ACCA's residual clause is not unconstitutionally vague. *See Sykes*, 131 S. Ct. at 2277; *James*, 550 U.S. at 210 n.6; *Stafford*, 721 F.3d at 403.

## III.

For the foregoing reasons, we affirm.

—————————————

**DISSENT**

—————————————

ROGERS, Circuit Judge, dissenting.

Timothy Phillips's third-degree burglary conviction is not a violent felony under the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), because the crime, narrowly defined to be the least dangerous form of felony burglary, does not pose a risk of violent confrontation comparable to that of generic burglary.

The ACCA does not count Phillips's offense as a predicate, because the degree of risk posed by the violation of Florida's third-degree burglary statute, in the "ordinary case," is not "roughly similar" to the degree of risk posed by generic burglary. *See Begay v. United States*, 553 U.S. 137, 143 (2008) (requiring degrees of risk to be "roughly similar"); *James v. United States*, 550 U.S. 192, 208 (2007) (requiring comparisons between "ordinary case[s]"). The Supreme Court has defined generic burglary under the ACCA as a crime "having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990). The Florida third-degree burglary statute under which Phillips was convicted differs meaningfully from this deliberately broad definition in three respects, each of which makes the crime less risky in the ordinary case.

First, the offender must not be armed with a dangerous weapon or explosive. Fla. Stat. § 810.02(4). This element clearly decreases the potential risk of serious injury.

Second, the building or structure is not just any building or structure, but one that is categorically unoccupied and not intended for human habitation. Fla. Stat. §§ 810.02(4)(a), 810.011(1)–(2). This restriction significantly decreases the risk of a violent confrontation, because it entirely eliminates the most important and volatile class of potential confronters. We recently explained in *United States v. Covington* that "the risk posed by breaking into someone's home with the intent to commit a felony is considerably greater than the risk posed by breaking out of a prison." 738 F.3d 759, 766 (6th Cir. 2014) (emphasis removed). The *James* Court made

it clear that the possible presence of an occupant inside a building contributes substantially to the degree of risk when it stated that the risk of serious physical injury during a burglary arises from "the possibility of a face-to-face confrontation between the burglar and a third party—whether *an occupant*, a police officer, or a bystander—who comes to investigate." 550 U.S. at 203 (emphasis added). And as the majority concedes, "the likelihood of confrontation with occupants or passersby is certainly greater than that with passersby only."

It does not follow from the First Circuit's decision in *Sanchez-Ramirez*, 570 F.3d 75 (1st Cir. 2009), that a serious potential risk still remains. The First Circuit later criticized *Sanchez-Ramirez*'s reasoning for making an improper logical leap from *there remains a possibility of confrontation* to *there is a serious potential risk of confrontation*:

> The gist of the argument is that, as was observed in *James* and *Sanchez-Ramirez*, in each case there is a realistic possibility that a perpetrator will be interrupted and violence will ensue. But such an argument could be applied to almost any crime in which "getting caught in the act" escalates the potential for violence. We require a more fine-toothed approach.

*United States v. Farrell*, 672 F.3d 27, 34 (1st Cir. 2012). Under a "more fine-toothed approach," the difference in the risk of violent confrontation between burglary of an occupied structure or dwelling and burglary of an unoccupied structure is significant.

Indeed, *Farrell* considered the likelihood that a structure is occupied in assessing the risks posed by the commission of a non-generic burglary-like offense. In that case, the First Circuit held that a Massachusetts breaking-and-entering conviction was not a violent felony under the ACCA's residual clause. *Id.* at 36. The *Farrell* court emphasized that the statute included ships and vessels in the set of possible locations of the crime. *Id.* at 32. Because the likelihood of a person's being present in a ship or vessel during the daytime is less than the likelihood of a person's being present in a generic building at an unspecified time, the court concluded that "the predicate crime . . . and generic burglary are insufficiently congenerous." *See id.* at 34–35.

Third, Florida's definition of "structure" is broader than that for generic burglary, in that Florida's definition includes the curtilage of a building. It is true that, as the Supreme Court held in *James*, curtilage is defined narrowly in Florida to require a fenced-in area, such that extending

burglary to breaking the curtilage still risks a violent encounter; but the Florida statutory provision at issue in *James*, namely second-degree burglary under § 810.02(3), involved a dwelling or occupied structure. *See James*, 550 U.S. at 212–13. Here the situation involves the curtilage of a categorically unoccupied building. Those third-degree burglary cases in which there is an entry into the curtilage, but not the structure itself, involve a lesser risk of a violent encounter. A miscreant spotted in a such a curtilage is more likely to be considered a mere trespasser than he is a felonious burglar, and will therefore typically incite a less violent response. And he is more likely to abscond and rapidly defuse the situation. As Justice Scalia noted with respect to the entering of the curtilage of an occupied dwelling: "The so-called 'confrontation' . . . between a would-be burglar and a third party while the burglar is still outside the home is likely to consist of nothing more than the occupant's yelling 'Who's there?' from his window, and the burglar's running away." *Id.* at 226 (Scalia, J., dissenting). Thus, the inclusion of the curtilage in the definition of the crime decreases the risk of violence.

Taken together, these three definitional differences decrease the degree of risk below the point where it is roughly comparable to that of generic burglary.

Our unpublished decision in *United States v. Ortkiese*, 208 F. App'x 436, 440–41 (6th Cir. 2006), is distinguishable. *Ortkiese* held that third-degree burglary of a structure (rather than of just its curtilage) would be a generic burglary. Here, the Government concedes that Phillips's offense is not a generic burglary. Moreover, *Ortkiese* did not discuss the other narrowing elements of the offense at issue in this case—that the offender must not be armed and that the building must not be occupied—that make this offense less dangerous than a generic burglary.

Florida's legislature deliberately distinguishes among forms of burglary, such that each offense varies in dangerousness and culpability, and third-degree burglary is the least serious form of the offense. This meaningful and relevant organization of the state criminal code should factor into our analysis. The Supreme Court has left open the question of whether "a State's decision to divide a generic form of conduct . . . into separate, escalating crimes may make a difference under the ACCA." *Sykes v. United States*, 131 S. Ct. 2267, 2293 (2011) (Kagan, J., dissenting); *see also Chambers v. United States*, 555 U.S. 122, 127 (2009). Because Congress did not "limit the predicate offense to some special subclass of burglaries that might be

especially dangerous, such as those where the offender is armed, or the building is occupied, or the crime occurs at night," *Taylor*, 495 U.S. at 588, generic burglary encompasses various forms of burglary of varying degrees of dangerousness. As here, where a state creates a special subclass of comparatively less dangerous burglaries that do not qualify as generic burglaries, the ACCA's residual clause should not apply.

When pilfering a few stray eggs from the fenced yard of a chicken coop is considered "violent," the term "violent" becomes unmoored from its meaning. Today's holding is not far from that. Such a holding extends the ACCA far beyond the archetypal home invasion that Congress most likely contemplated as the characteristic burglary committed by truly violent career criminals. *See id.* at 581.

The Florida legislature defined the crime of third-degree burglary in such a way that its commission presents considerably less risk of a violent confrontation than does a generic burglary. The Supreme Court has held that the residual clause only extends to "crimes that are roughly similar, in kind as well as in degree of risk posed," to the generic crimes. *Begay*, 553 U.S. at 143. Because the risk posed in the ordinary case by a Florida third-degree burglary is not roughly comparable to the risk posed in the ordinary case by a generic burglary, it follows that Phillips's previous conviction was not for a violent felony, and the ACCA does not apply. I would accordingly reverse the sentence and remand for resentencing.