GIBBONS, J., delivered the opinion of the court in which, GUY, J., joined. ROGERS, J. (pp. 1052-54), delivered a separate dissenting opinion.
OPINION
JULIA SMITH GIBBONS, Circuit Judge.
Timothy Phillips pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court determined that Phillips qualified for an enhanced sentence under the Armed Career Criminal Act (“ACCA”), 18 U.S.C. § 924(e)(1), based in part on a prior Florida third-degree burglary-of-a-structure conviction. The Florida statute defined burglary in the third degree as burglary in which the offender does not commit assault or battery, does not become armed with a dangerous weapon, and required that the structure be unoccupied. Fla. Stat. § 810.02(4). On appeal, the government contends that Phillips’s burglary conviction is a violent felony within the meaning of the ACCA’s residual clause, which defines violent felony as a crime that “otherwise involves conduct that presents a serious potential risk of physical injury to another.” 18 U.S.C. § 924(e)(2)(B)(ii).
The Supreme Court has explained that under Florida’s burglary statute attempted burglary is a violent felony within the meaning of the ACCA’s residual clause in part because of the potential risk of violent confrontation with passersby. Because that risk is present when offenders commit the crime of third-degree burglary as defined by Florida law, we hold that the offense of conviction falls within the ACCA’s residual clause. We also reaffirm that the ACCA’s residual clause is not unconstitutional.
I.
In 1999, Timothy Phillips was convicted of a third-degree felony for burglary of a structure. Florida defines burglary as “entering or remaining in a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.” Fla. Stat. § 810.02(l)(a).[1] Subsection (4) provides:
Burglary is a felony of the third degree, ... if, in the course of committing the offense, the offender does not make an assault or battery and is not and does not become armed with a dangerous weapon or explosive, and the offender enters or remains in a:
*1049 (a) Structure, and there is not another person in the structure at the time the offender enters or remains[.]
Id. § 810.02(4)(a).
In 2012, Philips pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The Presentence Report determined that Phillips qualified for an enhanced sentence under the ACCA, concluding that his Florida conviction was a burglary as defined in 18 U.S.C. § 924(e)(2)(B)(ii).[2]
Phillips objected to the ACCA enhancement on three grounds. First, he argued that his prior conviction was not categorically a generic burglary within the meaning of § 924(e)(2)(B)(ii) under Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), and that the government had failed to prove that his was a generic burglary with appropriate Shepard documents, see Shepard v. United States, 544 U.S. 13, 16, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). Second, he argued that the ACCA’s residual clause did not apply because the Florida statute defined third-degree burglary to exclude the potential presence of a victim, thereby eliminating a serious potential risk to others. Third, he argued that the residual clause was unconstitutionally vague.
The district court concluded that the proffered documents adequately demonstrated that Phillips was convicted of a “burglary” within the meaning of the ACCA. The district court thus found it unnecessary to determine whether Phillips’s burglary conviction qualified under the ACCA’s residual clause. Phillips timely appealed.
II.
The government concedes that, in light of the Supreme Court’s recent decision in Descamps v. United States, — U.S. -, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), which postdates the district court’s judgment, the evidence in the record does not establish that Phillips committed a generic burglary. Nevertheless, we may affirm the district court on any ground supported by the record. United States v. Gill, 685 F.3d 606, 609 (6th Cir.2012). We therefore turn to the applicability of the ACCA’s residual clause.
A.
We review de novo the question whether a defendant’s prior conviction is a violent felony under the ACCA. See United States v. Stafford, 721 F.3d 380, 395-96 (6th Cir.2013). We also review a challenge to the constitutionality of a statute de novo. Id. at 403.
B.
The ACCA imposes a fifteen-year minimum sentence on a defendant convicted under 18 U.S.C. § 922(g) when that defendant has three or more prior convictions for a “violent felony” or a “serious drug offense” or both. 18 U.S.C. § 924(e)(1). The ACCA contains a list of enumerated violent felonies: burglary, arson, extortion, and crimes involving the use of explosives. Id. § 924(e)(2)(B)(ii). The ACCA’s residual clause defines a violent felony as a crime that “otherwise involves conduct that presents a serious potential risk of physical injury to another.” Id.
“A sentencing court applies a ‘categorical’ approach to determine the nature of a prior conviction, which means that it focuses on the statutory definition of the offense, rather than the manner in which an offender may have violated the statute in a particular circumstance.” United States v. Denson, 728 F.3d 603, 607 (6th Cir.2013). Under the ACCA’s residu *1050 al clause, “the proper inquiry is whether the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another.” James v. United States, 550 U.S. 192, 208, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007); see also Sykes v. United States, — U.S. -, 131 S.Ct. 2267, 2273, 180 L.Ed.2d 60 (2011). “[A] crime involves the requisite risk when ‘the risk posed by the [crime in question] is comparable to that posed by its closest analog among the enumerated offenses.’ ” Sykes, 131 S.Ct. at 2273 (alterations in original) (quoting James, 550 U.S. at 203, 127 S.Ct. 1586).
This analysis begins by considering the elements of the statute at issue. James, 550 U.S. at 202, 127 S.Ct. 1586. Phillips’s prior conviction was for third-degree burglary of a structure. Fla. Stat. § 810.02(4). Burglary under Florida law “means entering or remaining in a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.” Id. § 810.02(l)(a).
Burglary is a felony of the third degree, ... if, in the course of committing the offense, the offender does not make an assault or battery and is not and does not become armed with a dangerous weapon or explosive, and the offender enters or remains in a:
(a) Structure, and there is not another person in the structure at the time the offender enters or remains[.]
Id. § 810.02(4).
Phillips argues that, by its very terms, the statute precludes a serious potential risk of injury to another — to be convicted, no other person may be present within the structure. But the Supreme Court has explained the risk of burglary otherwise.
The main risk of burglary arises not from the simple physical act of wrongfully entering onto another’s property, but rather from the possibility of a face-to-face confrontation between the burglar and a third party — whether an occupant, a police officer, or a bystander— who comes to investigate. That is, the risk arises not from the completion of the burglary, but from the possibility that an innocent person might appear while the crime is in progress.
James, 550 U.S. at 203, 127 S.Ct. 1586; see also id. at 204, 127 S.Ct. 1586 (citing United States v. Payne, 966 F.2d 4, 8 (1st Cir.1992) (“In all of these cases the risk of injury arises, not from the completion of the break-in, but rather from the possibility that some innocent party may appear on the scene while the break-in is occurring.”)). Thus, according to James, there are two classes of individuals put at risk by burglaries: occupants and passersby. Phillips argues, in effect, that removing occupants from the equation so diminishes the potential risk of injury that this is no longer a crime of violence. But neither this court, nor any court, has ever so held. While the likelihood of confrontation with occupants or passersby is certainly greater than that with passersby only, a serious potential risk of physical injury to passersby still remains. See James, 550 U.S. at 203, 127 S.Ct. 1586.
This conclusion comports with the proper analytical approach to the residual clause. On a general level the residual clause asks us to compare the crime in question to its closest analog among the enumerated offenses, see Sykes, 131 S.Ct. at 2273, generic burglary in this case. We have held that a conviction under the same Florida statutory subsection is a generic burglary when the government proves with appropriate documents that the defendant burglarized a structure and not its curtilage. See United States v. Ortkiese, 208 Fed.Appx. 436, 440-41 (6th Cir.2006); see also United States v. Jackson, 250 Fed.Appx. 926, 929 (11th Cir.2007). The *1051 only reason that Phillips’s conviction is not for generic burglary is the fact that the government failed to prove whether Phillips burglarized a structure (which is a generic burglary) or its curtilage (which is not). In this case, burglaries involving curtilage are the residuum not covered by the ACCA’s definition of burglary.
This is precisely where the residual clause is operative. It “cover[s] conduct that is outside the strict definition of, but nevertheless similar to, generic burglary.” James, 550 U.S. at 212, 127 S.Ct. 1586. It stands to reason that, if third-degree burglary of a structure is a generic burglary, if the only thing separating Phillips’s conviction and generic burglary is the possibility that the crime occurred on a structure’s curtilage, and if the residual clause is meant to cover conduct substantially similar to the enumerated, generic burglary, then the residual clause covers Phillips’s conviction. A contrary conclusion would mean the possibility that the crime took place on a structure’s curtilage was, as a matter of practical import, outcome determinative. It is not. See James, 550 U.S. at 213, 127 S.Ct. 1586 (“[A] burglar who illegally attempts to enter the [structure’s curtilage under Florida law] creates much the same risk of physical confrontation with a property owner, law enforcement official, or other third party as does one who attempts to enter the structure itself’).
Our conclusion is in accord with the other circuits to consider whether a conviction under § 810.02(4)(a) presents a serious potential risk of physical injury to another in the ordinary case. See United States v. Wheeler, 434 Fed.Appx. 831, 833-34 (11th Cir.2011); United States v. Sanchez-Ramirez, 570 F.3d 75, 83 (1st Cir.2009); United States v. Matthews, 466 F.3d 1271, 1275 (11th Cir.2006). As explained by the First Circuit in Sanehez-Ramirez:
In discussing the dangers inherent in attempted burglary of a dwelling, the Court in James reasoned that the “risk arises not from completion of the burglary, but from the possibility that an innocent person might appear while the crime is in progress.” Id. at 203, 550 U.S. 192, 127 S.Ct. 1586, 167 L.Ed.2d 532. In addition to building occupants— not a factor in this case — the Court also noted the possibility of confrontation with police or bystanders who might investigate. Id. These risks are present equally in Sanchez’s third-degree “structure-curtilage” burglary convictions. We therefore conclude that those convictions satisfy the elements of the ACCA residual clause.
We acknowledge Judge Rogers’s well-reasoned dissent and agree that the facts of Phillips’s burglary do not fit comfortably within the ACCA’s residual clause. Indeed, the dissent may paint a better picture of how the law should be. But we cannot square the dissent’s result with the Supreme Court’s clear admonition in James that the “risk [of burglary] arises not from the completion of the burglary, but from the possibility that an innocent person might appear while the crime is in progress.” 550 U.S. at 203, 127 S.Ct. 1586. Accordingly, like the First and Eleventh Circuits, we hold that a conviction for third-degree burglary of a structure in Florida is a “violent felony” within the meaning of the ACCA’s residual clause.
C.
Finally, Phillips asks us to consider whether the ACCA’s residual clause is void for vagueness. He does so candidly, acknowledging that he raises the argument to preserve the issue for Supreme Court review. Binding precedent holds that the ACCA’s residual clause is not unconstitutionally vague. See Sykes, 131 S.Ct. at *1052 2277; James, 550 U.S. at 210 n. 6, 127 S.Ct. 1586; Stafford, 721 F.3d at 403.
III.
For the foregoing reasons, we affirm.

. The statute has been amended since Phillips committed the crime but is not materially different.

. Phillips concedes that two other convictions are predicate offenses.