NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0876n.06

No. 13-6180

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Nov 21, 2014 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| EUGENE BERNARDINI, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: BATCHELDER and ROGERS, Circuit Judges; BECKWITH, District Judge.[*]

PER CURIAM. Eugene Bernardini appeals his sentence.

Bernardini pleaded guilty to being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g). The district court determined that, because Bernardini had at least three previous convictions for a violent felony or serious drug offense that were committed on occasions different from one another, he was an armed career criminal under USSG § 4B1.4. Based on his total offense level of 31 and criminal history category of VI, Bernardini's guidelines range of imprisonment was 188 to 235 months. The district court sentenced him to 180 months in prison.

On appeal, Bernardini argues that the district court erred by concluding that his prior robbery conviction in Tennessee qualified as a violent felony under the Armed Career Criminal

---

[*] The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

Act (ACCA).  We review de novo whether a defendant's prior conviction is a violent felony under the ACCA.  *United States v. Phillips*, 752 F.3d 1047, 1049 (6th Cir. 2014), *petition for cert. filed* (Sept. 23, 2014) (No. 14-6442).  As Bernardini concedes, we have previously held that a conviction for robbery in Tennessee under Tennessee Code Annotated § 39-13-401 qualifies as a violent felony under the ACCA, *see United States v. Mitchell*, 743 F.3d 1054, 1060, 1062 (6th Cir. 2014), *petition for cert. filed* (June 18, 2014) (No. 13-10682), and this panel is bound by that decision, *see Sykes v. Anderson*, 625 F.3d 294, 319 (6th Cir. 2010).

Accordingly, we affirm Bernardini's sentence.