[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 12, 2006
THOMAS K. KAHN
CLERK

No. 05-13447
_____

D.C. Docket No. 04-00076 CR-FTM-33-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAYMOND PAUL MATTHEWS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 12, 2006)**

Before MARCUS, WILSON and COX, Circuit Judges.

COX, Circuit Judge:

We decide in this appeal whether a Florida conviction for burglary of the curtilage of a structure is a conviction for a violent felony for purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(e) (the ACCA). Pretermitting consideration

of whether such a burglary is "generic burglary," we conclude that it is a violent felony as defined by the ACCA because it "involves conduct that presents a serious potential risk of physical injury to another[.]" 18 U.S.C. § 924(e)(2)(B)(ii).

## I. BACKGROUND

Raymond Paul Matthews was convicted by a jury of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and possession of an unregistered short-barreled shotgun, in violation of 26 U.S.C. § 5861(d). Previously, Matthews had been convicted of multiple felonies under Florida law, including: (1) third-degree burglary in 1985; (2) second-degree burglary and aggravated battery arising out of the same facts, also in 1985; (3) third-degree burglary in 1989; and (4) aggravated assault in 2001. He was sentenced as an armed career criminal, defined by the ACCA as a person who "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The mandatory minimum sentence for an armed career criminal is fifteen years' imprisonment. *Id.*

Matthews argued at sentencing that he was not an armed career criminal because his two third-degree burglary convictions should not be considered violent felonies. The district court heard argument on the question and ruled that Matthews's aggravated battery conviction in 1985, aggravated assault conviction in 2001, third-

2

degree burglary conviction in 1985, and third-degree burglary conviction in 1989 were all convictions for violent felonies as defined by the ACCA.[1] The district court found that the third-degree burglaries "involve[d] conduct that present[ed] a serious potential risk of physical injury to another." (R.10 at 75.) Therefore, the court sentenced Matthews to 280 months' imprisonment and five years' supervised release.

## II. ISSUES ON APPEAL AND CONTENTIONS OF THE PARTIES

Matthews appeals his sentence, arguing (as he did in the trial court) that neither of his third-degree burglary convictions should be considered violent crimes under the ACCA. Matthews contends that, because, under the Florida statute, those convictions were for burglary of a structure *or the curtilage thereof*, they are not convictions for "generic burglary." Burglary of a curtilage, Matthews contends, is not generic burglary.[2]

---

[1]The district court did not find that the 1985 second-degree burglary conviction was a qualifying conviction under the ACCA because that conviction arose out of the same facts and circumstances as the aggravated battery conviction. *See* 18 U.S.C. § 924(e)(1) (requiring that qualifying violent felonies be "committed on occasions different from one another.")

[2]Matthews also argues that his Sixth Amendment right to trial by jury was violated when the district court judge determined that his previous convictions were for violent felonies rather than requiring a jury verdict so finding. That argument has been rejected by this court as foreclosed by Supreme Court precedent. *See United States v. Greer*, 440 F.3d 1267, 1273-74 (11th Cir. 2006) (recognizing that *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219 (1998), controls and instructs that the determination may be made by a judge).

And, Matthews appeals his conviction for being a felon in possession of a firearm, based on his arguments (which he did not raise in the district court) that: (1) 18 U.S.C. § 922 is facially unconstitutional because it is an exercise of Congressional power beyond the authorization of the Commerce Clause, and (2) the statute is unconstitutional as applied to him because there was no

3

The Government argues that burglary of the curtilage of a structure is "generic burglary." It further argues that the district court correctly found that Matthews's third-degree burglary convictions are violent felonies because, even if they are not convictions for "generic burglary," they are convictions for felonies that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another[.]" 18 U.S.C. § 924(e)(2)(B)(ii).

### III. STANDARD OF REVIEW

This court considers de novo whether a particular conviction is a "violent felony" for purposes of the ACCA. *United States v. Wilkerson*, 286 F.3d 1324, 1325 (11th Cir. 2002).

### IV. DISCUSSION

The ACCA defines a violent felony as:

> [A]ny crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that–
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

---

evidence that his conduct substantially affected interstate commerce. These arguments are foreclosed by circuit precedent. *See United States v. McAllister*, 77 F.3d 387, 389-90 (11th Cir. 1996).

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. § 924(e)(2)(B).

In *Taylor v. United States*, 495 U.S. 575, 110 S. Ct. 2143 (1990), the Supreme Court held "an offense constitutes 'burglary' for purposes of a § 924(e) sentence enhancement if either its statutory definition substantially corresponds to 'generic' burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant." 495 U.S. at 602, 110 S. Ct. at 2160. The court defined "generic burglary" as an offense "having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." 495 U.S. at 599, 110 S. Ct. at 2158.

At the relevant times, Florida law defined third-degree felony burglary as an unprivileged entry into an unoccupied structure or an unoccupied conveyance with intent to commit an offense therein. Fla. Stat. § 810.02. A structure was defined to include the curtilage of the structure. Fla. Stat. § 810.011(1). Florida case law construes curtilage narrowly, to include only an enclosed area surrounding a structure. *See State v. Hamilton*, 660 So.2d 1038, 1044 (Fla. 1995); *Henry v. State*, 707 So.2d 370, 372 (Fla. App. 1 Dist. 1998)

Consistent with the fact that Florida does not consider burglary of the curtilage of a structure to be a crime distinct from burglary of that structure, *Henry*, 707 So.2d at 372, the judgments of conviction for Matthews's third-degree burglaries list his crimes only as "Burglary" and "Burglary (Structure)." The convictions do not specify whether he entered the roofed portion of a structure or only its curtilage. (R.10-88, Ex. 1 at 1, Ex. 3 at 1.) The charging documents are also ambiguous in that regard. (*Id.*, Ex. 1 at 3 (charging entry into "a structure or the curtilage thereof"), Ex. 3 at 3 (same).) And, the district court was not presented with any other judicial record that provides that information.

Matthews argues that because the Florida crime of burglary includes both entry into the roofed area of a structure and entry into the curtilage of a structure and because the judicial record does not demonstrate that he was convicted of burglary of the roofed areas of structures, his convictions may have been for burglary of the curtilages of the structures. He further contends that burglary of the curtilage of a structure is not "generic burglary," as defined by the Supreme Court in *Taylor*. Thus, he concludes that because these convictions are not "generic burglary" convictions, they are not convictions for violent felonies as defined by the ACCA.

We agree with Matthews that, on this record, one cannot determine whether either of his two third-degree burglary convictions was for burglary of the roofed

6

portion of a structure.[3] It may be that Matthews was convicted of these burglaries for entering the curtilages of the structures. Even so, Matthews's logic fails; it discounts an alternative prong of the statutory test for a violent felony, that the crime "otherwise involves conduct that presents a serious potential risk of physical injury to another[.]" 18 U.S.C. § 924(e)(2)(B)(ii). We hold that, even if Matthews's third-degree burglary convictions are not convictions for "generic burglary," they are convictions for violent crimes under the ACCA because they satisfy this alternative definition.

As we have explained above, Florida narrowly defines the curtilage of a structure to include only an enclosed area surrounding a structure. We are satisfied that a burglary of this circumscribed area is indeed a crime that "presents a serious potential risk of physical injury to another[.]" *Id.* Regardless of whether a burglar breaches the roofed portion of a structure, his unlicensed entry into the enclosed area surrounding that structure may bring him into close physical proximity with the same persons he might encounter were he to enter the structure. He may come into contact with the property's owners, occupants, or caretakers. His close physical presence to the structure could lead an innocent person to investigate why he is there, and his

---

[3]The Government cites law enforcement officers' probable cause affidavits and other documents outside the judicial record to demonstrate that Matthews entered the structures. (*See* Appellee's Brief at 3, 4.) To the extent the Government invites us to rely on those documents to determine that Matthews entered the structures, we decline to do so. *See Shepard v. United States*, 544 U.S. 13, 125 S. Ct. 1254 (2005) (restricting the kind of evidence that a judge may consider in making a finding that a prior conviction qualifies under the ACCA to judicial records).

presence alone could reasonably be perceived by any of these persons as threatening. Either the innocent or the burglar might react violently. In short, the burglar's presence in the curtilage of the structure presents a serious potential risk that violence will ensue and someone will be injured.

Our decision is consistent with the Supreme Court's opinion in *Taylor* which specifically acknowledges that some burglary-like offenses that are not "generic burglaries" may be violent felonies nonetheless. *See Taylor*, 495 U.S. at 600 n.9, 110 S. Ct. at 2159 n.9 ("The Government remains free to argue that any offense – including offenses similar to generic burglary – should count towards enhancement as one that 'otherwise involves conduct that presents a serious potential risk of physical injury to another' under § 924(e)(2)(B)(ii)."). And, it is consistent with our precedent. Recently, we held that "an attempt to commit burglary . . . presents the potential risk of physical injury to another sufficient to satisfy the ACCA's definition of a 'violent felony.'" *United States v. James*, 430 F.3d 1150, 1157 (11th Cir. 2005), *cert. granted*, 126 S. Ct. 2860 (U.S. June 12, 2006) (No. 05-9264). In deciding that conspiracy to commit robbery is a violent felony, we said, "When one reaches an agreement with a co-conspirator to commit a robbery, and formulates the intent to commit the robbery, his conduct presents at least a potential risk of physical injury within the meaning of § 924(e)(2)(B)(ii)." *United States v. Wilkerson*, 286 F.3d 1324,

1325-26 (11th Cir. 2002). And, we have construed the same language in section 4B1.2 of the United States Sentencing Guidelines to hold that the crimes of attempted burglary, felony DUI, carrying a concealed weapon, and using an Internet facility to entice a minor to engage in sexual activity all present "a serious potential risk of physical injury to another." *See United States v. McGill*, 450 F.3d 1276 (11th Cir. 2006); *United States v. Searcy*, 418 F.3d 1193 (11th Cir. 2005); *United States v. Gunn*, 369 F.3d 1229 (11th Cir. 2004); *United States v. Gilbert*, 138 F.3d 1371 (11th Cir. 1998).

The district court did not decide whether burglary of the curtilage of a structure is a "generic burglary" as discussed in *Taylor*. Given our holding that burglary of the curtilage of a structure (as defined by Florida law) "otherwise involves conduct that presents a serious potential risk of physical injury to another," we need not express an opinion on whether the offenses in question here are "generic burglaries" as discussed in *Taylor*.

## V. CONCLUSION

Because we find no merit in Matthews's constitutional arguments and hold that a Florida conviction for burglary of a structure's curtilage is a conviction for a violent crime because it "involves conduct that presents a serious potential risk of physical

9

injury to another[,]" we affirm Matthews's conviction and sentence pursuant to the ACCA.

AFFIRMED.