[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 29, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11089
Non-Argument Calendar

_____

D. C. Docket No. 03-00220-CR-CLS-JEO

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHANNON HIETH RAMEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(September 29, 2008)**

Before BIRCH, DUBINA and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty, Shannon Hieth Ramey appeals his 180-month

sentence for possession of ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

## I. BACKGROUND

A federal grand jury indicted Ramey on two counts of knowingly possessing ammunition after having been convicted of a felony, in violation of § 922(g)(1). The indictment identified Ramey's prior felony as an October 6, 1997 Alabama conviction for first degree theft of property. Ramey pled guilty to one of the two counts.

According to the presentence investigation report ("PSI"), Ramey had ten prior convictions, including, <u>inter alia</u>, an Alabama conviction for second degree burglary and two Alabama convictions for third-degree burglary. The PSI recommended that Ramey be classified as an armed career criminal due to these three burglary convictions. Thus, as an armed career criminal, the PSI assigned Ramey an offense level of 33, pursuant to US.S.G. § 4B1.4(b)(3)(B).[1] After further adjustments were made, the PSI's total offense level was 30. With a criminal history category of VI, the PSI calculated an advisory guidelines range of 168 to 210 months' imprisonment.

---

[1] Under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), a defendant is subject to a mandatory minimum 15 year sentence. 18 U.S.C. § 924(e). Additionally, a defendant's base offense level under the advisory sentencing guidelines is increased. U.S.S.G. § 4B1.4(a)-(b).

Ramey did not dispute the existence of the three Alabama burglary convictions. Nor did he dispute the factual accuracy of the PSI. Rather, Ramey objected to his classification as a armed career criminal on Sixth Amendment grounds because his prior burglary convictions were not charged in his indictment. Ramey also argued that his prior Alabama burglary convictions could not be classified as "violent felonies" under the ACCA without impermissible factfinding by the sentencing court.

At sentencing, the district court overruled Ramey's objections, adopted the PSI's guidelines calculations and determined that the applicable advisory guidelines range was 180 to 210 months' imprisonment.[2] The district court concluded that Ramey's Alabama burglary convictions qualified as "violent felonies" for purposes of the ACCA and imposed an 180-month sentence. Ramey appealed.

## II. DISCUSSION

On appeal, Ramey argues that his sentence violates the Sixth Amendment because his prior burglary convictions were neither charged in his indictment nor

---

[2]Because, under the ACCA, Ramey was subject to a mandatory minimum 15-year sentence, Ramey's guideline range of 168 to 210 months became 180 to 210 months. See U.S.S.G. § 5G1.1(c)(2).

3

admitted in his guilty plea.[3]  As Ramey acknowledges, his argument is foreclosed

by Almendarez-Torres v. United States,  523 U.S. 224, 226-27, 118 S. Ct. 1219,

1222 (1998).  Even after Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348

(2000), and its progeny Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531

(2004), and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), we are

bound by Almendarez-Torres until it is explicitly overruled by the Supreme Court.

United States v. Dowd, 451 F.3d 1244, 1253 (11th Cir.), cert. denied, 127 S. Ct.

335 (2006); United States v. Greer, 440 F.3d 1267, 1273-74 (11th Cir. 2006).

Additionally, we note that at sentencing the district court did not resolve any

disputed facts related to Ramey's prior convictions.  Ramey did not dispute the

factual accuracy of the portions of the PSI that listed his prior convictions.  See

United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005) (explaining that

there is no statutory Booker error where the defendant's sentence was enhanced

based on facts in the PSI to which the defendant did not object at sentencing).

Therefore, the district court did not err by enhancing Ramey's sentence based on

his prior convictions.

Ramey also contends that his two Alabama third-degree burglary

convictions cannot be classified categorically as "violent felonies" under the

---

[3]We review de novo a timely raised Sixth Amendment challenge to an enhanced sentence.
United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005).

ACCA.[4]

The ACCA applies to defendants who have three prior convictions for either violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). One of the crimes designated a "violent felony" under the ACCA is burglary. Id. § 924(e)(2)(B)(ii). To determine whether a conviction is for a "violent felony," courts use a "categorical approach," looking only to the "fact of conviction and the statutory definition of the prior offense." Taylor v. United States, 495 U.S. 575, 602, 100 S. Ct. 2143, 2160 (1990). In Taylor v. United States, the Supreme Court concluded that "a person has been convicted of burglary for purposes of [an ACCA] enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with the intent to commit a crime." Id. at 599; 110 S. Ct. at 2158.[5]

---

[4]Ramey does not argue that the district court consulted improper sources of evidence in determining that his prior third-degree burglary convictions qualified for purposes of the ACCA and U.S.S.G. § 4B1.4(b)(3)(B). See Shepard v. United States, 544 U.S. 13, 24-26, 125 S. Ct. 1254, 1262-63 (2005) (limiting the types of evidence a district court can consider to determine whether a prior conviction qualifies under the ACCA). Ramey does argue, however, that the district court improperly found facts about his prior convictions, i.e., whether his felonies were violent or were committed on different occasions. Ramey's argument that Shepard bars judge-made findings about the factual nature of the prior convictions already has been rejected by this Court. See Greer, 440 F.3d at 1274-76 (explaining that it is "implicit in the Shepard rule" that district courts may make a finding as to the nature of the prior conviction).

[5]We "consider[ ] de novo whether a particular conviction is a 'violent felony' for purposes of the ACCA." United States v. Matthews, 466 F.3d 1271, 1273 (11th Cir. 2006), cert. denied, 128 S. Ct. 286 (2007).

5

The Alabama third-degree burglary statute under which Ramey was convicted states that "[a] person commits the crime of burglary in the third degree if he knowingly enters or remains unlawfully in a building with intent to commit a crime therein." Ala. Code § 13A-7-7(a). This language is virtually identical to the Taylor Court's definition of burglary under the ACCA. Accordingly, we conclude that Ramey's Alabama third-degree burglary convictions constitute violent felonies under the ACCA.

Ramey argues that the Alabama Supreme Court and commentary in the Alabama Code indicates that Alabama interprets its third-degree burglary statute to include offenses that are not "crimes of violence" as defined by Alabama law. However, as the Supreme Court explained in Taylor, whether the burglary conviction is a violent felony is a question of federal law and does not "depend on the definition adopted by the State of conviction." 495 U.S. at 590, 110 S. Ct. at 2154. Thus, the district court properly classified Ramey's third-degree burglary convictions as violent felonies under federal law and applied the ACCA's sentencing enhancement to Ramey's advisory guidelines calculations and sentence.

**AFFIRMED.**