# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1080

_____

United States of America,          *
                                   *
                Appellee,          *
                                   *   Appeal from the United States
        v.                         *   District Court for the
                                   *   Eastern District of Missouri.
William M. Davis,                  *
                                   *   [UNPUBLISHED]
                Appellant.         *


_____

Submitted: November 12, 2009
Filed: November 17, 2009

_____

Before BYE, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, William Davis challenges the sentence imposed by the district court[1] after he pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e). On appeal, counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), in which he requests leave to withdraw.

_____

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

Counsel first questions whether Davis's 1989 Florida conviction for burglary is a "violent felony" for purposes of his armed career criminal status. *See* 18 U.S.C. § 924(e)(1) (§ 922(g)(1) offender shall be sentenced to minimum sentence of 15 years in prison if he has 3 prior convictions for violent felony or serious drug offense). We hold that it does. *See United States v. Vincent*, 575 F.3d 820, 822 (8th Cir. 2009) (de novo review); 18 U.S.C. § 924(e)(2)(B)(ii) (defining "violent felony" as "burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another"); *Taylor v. United States*, 495 U.S. 575, 599 (1990) (person has been convicted of burglary for purposes of § 924(e) if he is convicted of any crime having basic elements of unlawful or unprivileged entry into, or remaining in, building or structure with intent to commit crime; court must look only to statutory definition and not underlying facts); *United States v. Matthews*, 466 F.3d 1271, 1274 (11th Cir. 2006) (even if defendant's Florida burglary convictions were not generic burglaries, they were violent felonies under the alternative "otherwise" definition).

Counsel's challenge to the length of Davis's sentence also fails. *See United States v. Gregg*, 451 F.3d 930, 937 (8th Cir. 2006) ("*Booker*[2] does not relate to statutorily-imposed sentences"); *United States v. Chacon*, 330 F.3d 1065, 1066 (8th Cir. 2003) (only authority for district court to depart from statutory minimum sentence is found in 18 U.S.C. § 3553(e) and (f)).

After reviewing the record independently under *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal. Accordingly, we affirm the judgment of the district court, and grant counsel leave to withdraw.

———————————————

[2]*United States v. Booker*, 543 U.S. 220 (2005).