[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12652
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 6, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:08-cr-20484-AJ-1

UNITED STATES OF AMERICA,

                                                    Plaintiff - Appellee,

versus

JAMES SAMUEL PEEPLES,

                                                    Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 6, 2011)

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

James Samuel Peeples appeals his classification as an armed career criminal

under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and the

resulting 180-month total sentence of imprisonment, imposed after he pleaded guilty to one count of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and one count of possession of marijuana, in violation of 21 U.S.C. § 844(a). Peeples argues that his prior convictions for burglary of unoccupied dwellings do not qualify as violent crimes under ACCA because the offenses created no risk or possibility of violence. This Court reviews *de novo* whether a conviction constitutes a violent felony under ACCA. *United States v. Matthews*, 466 F.3d 1271, 1273 (11th Cir. 2006).

ACCA defines a "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year . . . that–
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. § 924(e)(2)(B).

In *Taylor v. United States*, the Supreme Court held that an offense constitutes "burglary" under ACCA when "either its statutory definition substantially corresponds to 'generic' burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary

2

in order to convict the defendant." 495 U.S. 575, 602, 110 S. Ct. 2143, 2160 (1990). The Court defined "generic burglary" as "having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id.* at 598–99, 110 S. Ct. at 2158. Most pertinent for our purposes, the *Taylor* Court noted that Congress never proposed to limit the predicate offense to "some special subclass of burglaries that might be especially dangerous, such as those where . . . the building is occupied," and that Congress's "choice of language indicate[d] that Congress thought ordinary burglaries . . . presented a sufficiently 'serious potential risk' to count toward enhancement." *Id.* at 588, 597, 110 S. Ct. at 2153, 2158.

"The main risk of burglary arises not from the simple physical act of wrongfully entering onto another's property, but rather from the possibility of a face-to-face confrontation between the burglar and a third party—whether an occupant, a police officer, or a bystander—who comes to investigate." *James v. United States*, 550 U.S. 192, 203, 127 S. Ct. 1586, 1594 (2007) (holding that attempted burglary, as defined by Florida law, is a "violent felony" under ACCA); *see also United States v. Matthews*, 466 F.3d 1271, 1275 (11th Cir. 2006) (determining that burglary of the curtilage of a structure "is indeed a crime that

'presents a serious potential risk of physical injury to another'") (quoting 18 U.S.C. § 924(e)(2)(B)(ii)).

Peeples's argument that his burglary convictions presented no risk of physical injury to others because they involved unoccupied dwellings fails under *Taylor* and our precedent. Because his crimes presented a very real risk of physical injury to innocent third parties, the district court properly categorized Peeples's prior convictions as violent crimes under ACCA. Accordingly, we affirm.

**AFFIRMED.**