[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10569
Non-Argument Calendar

_____

D.C. Docket No. 8:13-cr-00038-JSM-TBM-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALONIZA J. WILLIAMS,
a.k.a. Cat,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 18, 2015)

Before MARCUS, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

In this appeal, Mr. Aloniza Williams challenges an enhancement to his sentencing guidelines range under the Armed Career Criminal Act ("ACCA"). Mr. Williams argues that his prior burglary convictions in Florida do not qualify as violent felonies under either the enumerated clause or the residual clause of the ACCA. After careful review, we affirm.

I.

On November 6, 2013, Mr. Williams and his co-defendant met with an undercover law enforcement officer. Mr. Williams sold the officer a shotgun and a rifle, while his co-defendant sold a bag of crack cocaine. On January 15, 2013, they both were indicted on several charges related to the sale. Mr. Williams pled guilty on June 10, 2013, by a written plea agreement to Count IV of the indictment—being a felon in possession of a firearm—and the government agreed not to pursue the remaining charges against him.

The presentence investigation report ("PSR") calculated that Mr. Williams's base offense level was 20, which was then increased six levels because he had three firearms at the time of the offense and because he possessed a firearm in connection with another felony offense. The PSR also determined that Mr. Williams qualified for an enhancement under the ACCA, 18 U.S.C. § 924(e), based on four prior burglary convictions in Florida. After the enhancements, Mr. Williams's offense level was 31. He had a criminal history category of IV, which

2

meant his sentencing guidelines range was 188 to 235 months. His offense carried a 15-year minimum sentence. Mr. Williams filed a sentencing memorandum, arguing that the mandatory minimum of 15 years was a sufficient sentence. The government filed a motion requesting a two-level reduction in Mr. Williams's offense level based on his substantial assistance.

At the sentencing hearing, Mr. Williams made two objections to the PSR. First, he objected to the factual statement that he had been previously convicted for burglary "of a dwelling." The government agreed that the offense of conviction was simply burglary, and the district court struck the relevant language from the report. Second, Mr. Williams objected to the PSR's Chapter 4 enhancement under the ACCA. The district court overruled the objection because the enhancement was "appropriate." Adopting the facts in the PSR, the district court then granted the government's motion for a two-level reduction, resulting in a guidelines range of 151 to 188 months, and sentenced Williams to 151 months' imprisonment.

## II.

Normally, we review *de novo* the question of whether a defendant's prior convictions qualify as violent felonies under the ACCA. *United States v. Petite*, 703 F.3d 1290, 1292 (11th Cir. 2013). Where a party has failed to state the grounds for an objection to a sentence, however, that objection is waived for purposes of appeal, and we review for plain error. *United States v. Jones*, 899 F.2d

3

1097, 1103 (11th Cir. 1990), *overruled in part on other grounds by United States v. Morrill*, 984 F.2d 1136, 1137 (11th Cir. 1993) (en banc); *see also United States v. Frazier*, 605 F.3d 1271, 1282 (11th Cir. 2010).

Mr. Williams objected to the ACCA enhancement at the sentencing hearing. Although he did not state the legal grounds for his objection, the grounds are arguably clear from the context of an immediately preceding discussion regarding the elements of Mr. Williams's prior burglary convictions. Assuming *arguendo* that Mr. Williams sufficiently objected in the district court, his argument regarding the ACCA enhancement fails even on *de novo* review.

### III.

Under the ACCA, a defendant's sentence may be enhanced if he previously has been convicted of three violent felonies. A violent felony is a crime punishable by more than one year in prison that, in relevant part, "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. . . ." 18 U.S.C. § 924(e)(2)(B)(ii). A state burglary conviction qualifies under the ACCA's enumerated clause if the definition of the crime substantially corresponds to the elements of generic burglary: "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599, 602 (1990).

4

Even if it does not correspond to generic burglary, a conviction may still qualify under the ACCA's residual clause. In evaluating a crime under the residual clause, we employ a categorical approach and look only to the elements of conviction, not to the particular facts of the defendant's crime. *James v. United States*, 550 U.S. 192, 202 (2007) ("[W]e consider whether the *elements of the offense* are of the type that would justify its inclusion within the residual provision, without inquiring into the specific conduct of this particular offender."); *see also Sykes v. United States*, 564 U.S. ___, 131 S. Ct. 2267, 2272-73 (2011). We also employ a comparative approach to determine whether the risk posed by the crime of conviction "is comparable to that posed by its closest analog among the enumerated offenses. . . ." *James*, 550 U.S. at 203; *see also Petite*, 703 F.3d at 1294 ("Using the categorical approach, the central inquiry is whether the offense 'presents a serious potential risk of physical injury to another' comparable to the risk posed by the ACCA's enumerated crimes.") (quoting *Sykes*, 131 S. Ct. at 2273).

The parties here agree that burglary in Florida is broader than generic burglary, so we must consider whether Mr. Williams's convictions qualify under the residual clause.[1] According to the PSR, Mr. Williams's ACCA enhancement

---

[1] Mr. Williams argues that his convictions cannot qualify as violent felonies under the residual clause because the record does not show whether he encountered anyone else during the crimes. Thus, he argues, we cannot assess whether his crimes presented a danger of confrontation

5

was based on four burglary convictions—one in 1994, two in 1996, and one in

2008.  We consider each conviction in turn.

A.

The indictment specified that Mr. Williams's 1994 conviction was under

Fla. Stat. § 810.02(3), which read at the time:

> "If the offender does not make an assault or battery or is not armed, or does not arm himself, with a dangerous weapon or explosive as aforesaid during the course of committing the offense and the structure or conveyance entered is a dwelling or there is a human being in the structure or conveyance at the time the offender entered or remained in the structure or conveyance, the burglary is a felony of the second degree. . . . Otherwise, burglary is a felony of the third degree. . . ."

The statute also broadly defined burglary as "entering or remaining in a structure

or conveyance with the intent to commit an offense therein, unless the premises are

at the time open to the public or the defendant is licensed or invited to enter or

remain."  Fla. Stat. § 810.02(1).  We cannot determine from the record on appeal

whether Mr. Williams was convicted of second-degree or third-degree burglary.

We previously have analyzed this statute and determined that third-degree

burglary qualifies as a violent felony under the ACCA's residual clause.  *United

States v. Matthews*, 466 F.3d 1271, 1275 (11th Cir. 2006).  In *Matthews*, the

defendant was convicted of being a felon in possession of a firearm.  He had been

convicted previously of third-degree burglary in Florida in 1985 and 1989.  *Id.* at

---

between him and a third party.  But the residual clause is focused on *potential* risk, not on the dangers that actually came to fruition.

6

1272. The defendant in *Matthews* argued that because third-degree burglary concerned entry into the curtilage of a structure, rather than the structure itself, it did not present the same risk of violence as generic burglary.

We held that third-degree burglary presented a potential risk of violence because unlicensed entry, even into curtilage, "may bring [a burglar] into close physical proximity with the same persons he might encounter were he to enter the structure," and his presence "could lead an innocent person to investigate why he is there." *Id.* at 1275. Such encounters with third parties could easily lead to violence. *See also James*, 550 U.S. at 203 ("The main risk of burglary arises not from the simple physical act of wrongfully entering onto another's property, but rather from the possibility of a face-to-face confrontation between the burglar and a third party—whether an occupant, a police officer, or a bystander—who comes to investigate.").

*Matthews* controls this case because it concerned the same statute under which Mr. Williams was convicted in 1994. Although it is unclear from the record whether Mr. Williams was charged with second-degree or third-degree burglary in 1994, both crimes consisted of "entering or remaining in a structure or conveyance with the intent to commit an offense therein." Fla. Stat. § 810.02(1).[2]

---

[2] The major distinction is that second-degree burglary involved entry into a dwelling or an *occupied* structure, while third-degree burglary involved entry into an *unoccupied* structure. Fla.

7

Accordingly, under *Matthews*, we hold that Mr. Williams's 1994 conviction was a dangerous felony for purposes of the ACCA, regardless of whether he was convicted of second-degree or third-degree burglary.

B.

The PSR next relied on two burglary convictions from 1996, by which time Florida's burglary statute had undergone minor revisions.  According to the indictment, both of Mr. Williams's convictions from 1996 were under the revised Fla. Stat. § 810.02(4), which read:

> (4)   Burglary is a felony of the third degree . . . if, in the course of committing the offense, the offender does not make an assault or battery and is not and does not become armed with a dangerous weapon or explosive, and the offender enters or remains in a:
>
> > (a)   Structure, and there is not another person in the structure at the time the offender enters or remains; or
>
> > (b)   Conveyance, and there is not another person in the conveyance at the time the offender enters or remains.

The statute broadly defined burglary as "entering or remaining in a *dwelling*, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain."  Fla. Stat. § 810.02(1) (emphasis added).  This broad definition was the same as in the 1994 statute, save the addition of the word dwelling.

---

Stat. § 810.02(3).  Second-degree burglary necessarily poses a greater risk of confrontation than third-degree burglary, given that it involves occupied structures.

8

*Matthews* also directs our analysis of this statute.  The elements of third-degree burglary in 1996 remained the same as they were in 1994: entry into an unoccupied structure or conveyance with intent to commit an offense by an unarmed burglar who does not commit assault or battery.  While the 1996 statute made these elements more explicit, we do not think the restructuring changes the analysis of third-degree burglary under the ACCA.  As in *Matthews*, there is a significant potential risk of physical harm arising from unlawful entry into a structure or conveyance because the burglar may encounter a third-party, such as an innocent bystander or a police officer.  This risk is sufficient to render the crime violent for purposes of the ACCA.

## C.

Mr. Williams also argues that his fourth burglary conviction in 2008 does not qualify as a violent felony.  We need not address this argument because the ACCA only requires three prior convictions, which requirement is satisfied by his convictions in 1994 and 1996.  Even so, we previously have held that burglary as defined by the Florida statute in effect in 2008 is a violent felony for purposes of the ACCA.  *United States v. Kirk*, 767 F.3d 1136, 1141 (11th Cir. 2014).  Mr. Williams argues that *Kirk* was wrongly decided, but we are bound by its precedent.

## IV.

Under the prior opinions of this Court, Mr. Williams's prior burglary convictions qualify as violent felonies.  Accordingly, we affirm the district court's imposition of a sentencing enhancement under the ACCA.

AFFIRMED.