[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13846
Non-Argument Calendar
_____

D.C. Docket No. 9:12-cr-80022-KAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TYRONIE PATTERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 6, 2015)

Before MARTIN, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

Defendant Tyronie Patterson appeals his 180-month sentence, which the district court imposed after he pled guilty to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  On appeal, Defendant argues that the district court erred by enhancing his sentence under the Armed Career Criminal Act ("ACCA") because his two prior convictions for third-degree burglary, in violation of Fla. Stat. § 810.02(1)(b), did not qualify as ACCA-predicate violent felonies.  We disagree, and affirm Defendant's sentence.

## I.  Background

After Defendant entered his guilty plea, the probation office prepared Defendant's presentence investigation report ("PSI").  The probation officer calculated an initial base offense level of 24, under U.S.S.G. § 2K2.1(a)(2), because Defendant had at least two prior felony convictions for a crime of violence or controlled substance offense.  However, the probation officer also determined that Defendant was an armed career criminal based on his prior violent felony convictions.  As an armed career criminal, Defendant was subject to an offense level of 34 under § 4B1.4(b)(3)(A), because the probation officer determined that he possessed the firearm or ammunition in connection with a crime of violence.  The probation officer then applied a three-level acceptance-of-responsibility reduction, pursuant to § 3E1.1(a) and (b), yielding a total offense level of 31.

Defendant qualified for a criminal history category of VI, based on his armed career criminal status.[1] As relevant here, the PSI noted that Defendant had two convictions for third-degree burglary of a structure, in violation of Fla. Stat. § 810.02(1)(b).[2] Based on a total offense level of 31 and a criminal history category of VI, Defendant's guideline range was 188 to 235 months' imprisonment. As an armed career criminal, Defendant was subject to a statutory minimum 15-year (180-month) term of imprisonment. *See* 18 U.S.C. § 924(e)(1).

Prior to his sentencing hearing, Defendant objected to the ACCA sentence enhancement. Defendant argued that his prior § 810.02(1)(b) convictions did not qualify as ACCA-predicate offenses because they were not "violent felonies" as defined by the ACCA. According to Defendant, his convictions failed to meet that definition because the elements of § 810.02(1)(b) are broader than those of generic burglary and the violation of § 810.02(1)(b) presents no inherent danger of injury to innocent persons.

At his sentencing hearing, Defendant informed the district court that he was withdrawing his objections to the PSI because he had reached an agreement with the government. Based on the parties' agreement, Defendant's total offense level

---

[1] Had Defendant not been an armed career criminal, his criminal history category would have been V.

[2] Defendant also had a conviction for fleeing or attempting to elude law enforcement, as well as a conviction for aggravated assault with a deadly weapon. He does not dispute that these convictions constitute ACCA-predicate offenses.

was reduced to 30[3] and his criminal history category was reduced to V, which resulted in a guideline range of 151 to 188 months' imprisonment. Defendant acknowledged that his mandatory minimum sentence remained 180 months' imprisonment and informed the court that he and the government had agreed to jointly recommend a 180-month sentence. The district court adopted the parties' agreement as to the guideline calculations and sentenced Defendant to imprisonment for 180 months. Neither Defendant nor the government objected to the sentence imposed.

## II. Discussion

Despite withdrawing his objection before the district court, Defendant argues on appeal that his two prior § 810.02(1)(b) convictions do not qualify as ACCA-predicate violent felonies because the state statute is "overbroad and indivisible." Defendant contends that, when applying the categorical approach, his § 810.02(1)(b) convictions do not fit within the generic definition of burglary because Florida law allows such convictions to be based on the defendant's unauthorized entry into the curtilage of a structure, not just the structure itself. He also argues that his convictions do not qualify as violent felonies under the

---

[3] Defendant's total offense level was reduced to 30 because the parties agreed that Defendant had not possessed the firearm or ammunition in connection with a crime of violence, and thus, his armed career criminal offense level was 33, instead of 34. *See* U.S.S.G. § 4B1.4(b)(3)(A) and (B).

4

ACCA's residual clause because third-degree burglary does not require an assault or battery or that another person be present.

We review *de novo* whether a defendant's prior conviction qualifies as a violent felony under the ACCA. *United States v. Smith*, 742 F.3d 949, 952 (11th Cir. 2014). However, sentencing issues that were not raised in the district court are reviewed for plain error. *United States v. Jones*, 743 F.3d 826, 828 (11th Cir. 2014). Under plain error review, we will reverse where there is "(1) an error (2) that is plain and (3) that has affected the defendant's substantial rights; and . . . (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Madden*, 733 F.3d 1314, 1322 (11th Cir. 2013). The circumstances here also implicate the invited error doctrine. Under the invited error doctrine, we will not review an error that a defendant induced or invited the district court into making. *United States v. Silvestri*, 409 F.3d 1311, 1327-28 (11th Cir. 2005). We have often applied the doctrine when a party argues for the sentence that the district court ultimately imposed. *See United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006).

Under the ACCA, a defendant convicted under 18 U.S.C. § 922(g) is subject to a mandatory minimum, 15-year sentence if he has three prior convictions for a violent felony or serious drug offense. 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" to include any crime that "has as an element the use, attempted

5

use, or threatened use of physical force against the person of another," or is a "burglary, arson, [] extortion, [or] involves use of explosives." *Id.* § 924(e)(2)(B)(i), (ii).  In addition, the ACCA contains a "residual clause" that defines "violent felony" to include any felony that "presents a serious potential risk of physical injury to another." *United States v. Kirk*, 767 F.3d 1136, 1139 (11th Cir. 2014) (quoting 18 U.S.C. § 924(e)(2)(B)(ii)).

Florida defines burglary as "[e]ntering a dwelling, a structure, or a conveyance with the intent to commit an offense therein." Fla. Stat. § 810.02(1)(b).  A burglary is a third-degree felony if, "in the course of committing the offense, the offender does not make an assault or battery and is not and does not become armed with a dangerous weapon or explosive," and there is not another person in the structure or conveyance. *Id.* § 810.02(4).  Florida law defines "structure," as it is used in the burglary statute, as "a building of any kind, . . . which has a roof over it, together with the curtilage thereof." *Id.* § 810.011(1).

Under the invited error doctrine, we are precluded from considering Defendant's challenge to the ACCA enhancement because he withdrew his objection to the enhancement and affirmatively requested the 180-month sentence that he now appeals. *See Love*, 449 F.3d at 1157; *see also United States v. Masters*, 118 F.3d 1524, 1526 (11th Cir. 1997) (holding that when a defendant raises and then knowingly withdraws an objection to his sentence, we deem the

6

objection waived and will not review it on appeal). Prior to sentencing, Defendant objected to the PSI's determination that he was an armed career criminal and argued that his third-degree burglary convictions were not violent felonies as defined in the ACCA. Then, at his sentencing hearing, Defendant withdrew his objections to the PSI based on an agreement he reached with the government as to his guideline calculations. Moreover, Defendant specifically requested that he be sentenced to the 180-month mandatory minimum.

Even if we were to consider Defendant's argument, it would fail under plain error review. Because the parties agree that Florida's definition of burglary is broader than the definition of generic burglary and that the enumerated offenses clause does not apply to Defendant's case, we only consider whether Defendant's prior convictions fall within the residual clause of the ACCA.[4] *See Kirk*, 767 F.3d at 1139 n.1.

---

[4] We do this despite Defendant's argument that the "residual clause is not applicable once an enumerated felony is found to be overbroad." Contrary to Defendant's argument, neither *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276 (2013), *United States v. Jones*, 743 F.3d 826 (11th Cir. 2014), nor *United States v. Howard*, 742 F.3d 1334 (11th Cir. 2014), sets forth a general rule limiting the applicability of the residual clause. Instead, *Descamps*, *Howard*, and *Jones* limit consideration of the residual clause because the government either waived such argument (*Descamps*) or did not oppose Defendant's request to preclude consideration of the applicability of the residual clause on remand (*Howard* and *Jones*). *See Descamps*, ___ U.S. at ___, 133 S. Ct. at 2293 n.6 (expressing no view on whether the offense qualified under the ACCA's residual clause because the government forfeited such alternative argument); *Jones*, 743 F.3d at 830-31 (limiting the scope of remand to preclude argument on the residual clause because the government did not oppose such request); *Howard*, 742 F.3d at 1349 (same). Unlike *Descamps*, *Jones*, and *Howard*, the government here specifically argues that Florida third-degree burglary is a violent felony based on the residual clause.

To determine whether a state conviction qualifies as a violent felony under the ACCA's residual clause, we employ the categorical approach and "consider whether the elements of the offense are of the type that would justify its inclusion within the residual provision." *United States v. Petite*, 703 F.3d 1290, 1294 (11th Cir. 2013) (emphasis omitted). Applying this approach, we compare whether the offense of conviction "'presents a serious potential risk of physical injury to another' comparable to the risk posed by the ACCA's enumerated offenses." *Id.*

We discern no plain error in the determination that Defendant's prior Florida convictions for third-degree burglary qualified as violent felonies under the ACCA's residual clause. Defendant does not cite, and we have not found, any Supreme Court or Eleventh Circuit precedent holding that a prior conviction for third-degree burglary under § 810.02(1)(b) does not present a serious potential risk of physical injury. *See United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003) ("there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving" the disputed issue). Moreover, we have previously held that third-degree burglary under an earlier version of § 810.02 qualified as a violent felony under the ACCA's residual clause. *See United States v. Matthews*, 466 F.3d 1271, 1275 (11th Cir. 2006) (holding that third-degree burglary based on the entry into the roofed portion or curtilage of a structure was a violent felony because the burglar may come into close contact with property

8

owners, occupants, or another innocent person investigating why he was there). Likewise, Supreme Court precedent suggests that it is not erroneous to conclude that violation of § 810.02(1)(b) involves a substantial risk of physical injury. *See James v. United States*, 550 U.S. 192, 203, 209 (2007) (concluding that attempted burglary under Florida law was a violent felony under the residual clause because the risk of burglary includes the possibility of confrontation with police or bystanders who might come to investigate).

In sum, there is no current law from the Supreme Court or this Court to support Defendant's plain error argument. In addition, Defendant withdrew his objection to the ACCA enhancement and affirmatively requested the 180-month sentence that he now appeals. Accordingly, we affirm the sentence.

**AFFIRMED.**