[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13457
Non-Argument Calendar
_____

D.C. Docket No. 6:13-cr-00251-PGB-GJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

QUINTIN WALKER,
a.k.a. Quitin Walker,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 13, 2015)

Before JORDAN, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Quintin Walker was sentenced to serve 70 months' imprisonment, at the low end of the advisory guideline range, after pleading guilty to one count of possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  At Walker's sentencing, the district court applied a sentencing enhancement under United States Sentencing Guidelines Manual ("U.S.S.G.") § 2K2.1, finding that Walker had two prior felony convictions for a "crime of violence" as defined in § 4B1.2(a).[1]  On appeal, Walker argues that one of the two convictions relied upon by the district court in applying § 2K2.1—second-degree burglary of a dwelling under Florida Statute § 810.02(1)(b)(1), (3)—is not a "crime of violence" under U.S.S.G. § 4B1.2(a).[2]  After careful review, we affirm.

Section § 4B1.2(a) defines a "crime of violence" in two ways.  A felony offense is a "crime of violence" under the guidelines if the offense (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another";  or (2) "is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  U.S.S.G. § 4B1.2(a).  The bulk of the

---

[1] Section § 2K2.1 assigns a base offense level of 24 if the defendant has at least two felony convictions of either a crime of violence or a controlled substance offense, as defined by § 4B1.2(a).  U.S.S.G. § 2K2.1 & cmt. n.1.

[2] "In order to preserve the issue for further review," Walker also argues that his conviction under § 922(g)(1) violates the Commerce Clause of the U.S. Constitution because the government did not prove and was not required to prove that his possession of a firearm had a substantial effect on interstate commerce.  As he concedes, this argument is foreclosed by circuit precedent. *See United States v. McAllister*, 77 F.3d 387, 389-90 (11th Cir. 1996).

sentencing hearing in this case focused on whether Walker's conviction for burglary of a dwelling qualified as a crime of violence under the second definition in § 4B1.2(a). The district court concluded that it did.

In his initial brief on appeal, Walker challenges the district court's crime-of-violence determination on various grounds. He argues that his prior conviction for burglary of a dwelling under Florida law is not a crime of violence under either the "enumerated crimes" clause of § 4B1.2(a)(2)—"is burglary of a dwelling, arson, or extortion, involves use of explosives"—or the "residual clause" of that subsection—"otherwise involves conduct that presents a serious potential risk of physical injury to another." Furthermore, he contends, if his prior conviction falls under the residual clause of § 4B1.2(a)(2) then the residual clause is unconstitutionally vague because it fails to provide fair notice of its reach.

Much has changed since Walker was sentenced in July 2014. In June 2015, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague and violates due process. *Johnson v. United States*, ___ U.S. ___, ___, 135 S. Ct. 2551, 2563 (2015). Like the Sentencing Guidelines, the federal criminal code, through the ACCA, provides for enhanced sentences for certain offenders who have a certain number of qualifying prior convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). The definition of "violent felony" under the ACCA is nearly identical to the

3

definition of "crime of violence" under the guidelines, including its incorporation of a residual clause encompassing crimes that "involve[] conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B); U.S.S.G. § 4B1.2(a)(2); *see United States v. Archer*, 531 F.3d 1347, 1350 n.1 (11th Cir. 2008) (noting that the only difference in the definitions is that the ACCA uses the term "burglary" in the enumerated crimes clause, whereas the guidelines use "burglary of a dwelling").  The Supreme Court in *Johnson*, after reviewing the Court's own failed attempts to establish a meaningful standard for applying the residual clause, as well as the clause's inconsistent application throughout the federal circuit courts, held that "[i]nvoking so shapeless a provision to condemn someone to prison for 15 years to life does not comport with the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2560.

After *Johnson* was issued, we asked the parties to address the decision's effect on this appeal.[3]  Walker contends, and the government agrees, that *Johnson*'s holding—that the residual clause in the ACCA is unconstitutionally vague—also applies to the identically worded residual clause in § 4B1.2(a)(2) of the guidelines.[4]  But the government also contends that Walker's prior conviction

---

[3] We stayed this appeal *sua sponte* pending the Supreme Court's decision in *Johnson*.
[4]  Nonetheless, the government contends that Walker cannot satisfy the plain-error standard with respect to this argument.

4

qualifies as a crime of violence under the "enumerated crimes" clause of § 4B1.2(a)(2).

But the more things change, the more they stay the same. We recently held in *United States v. Matchett*, ___ F.3d ___, No. 14-10396, 2015 WL 5515439, at *6 (11th Cir. Sept. 21, 2015), that the residual clause of § 4B1.2(a)(2) of the guidelines is not unconstitutionally vague because advisory sentencing guidelines cannot be unconstitutionally vague. *Id.* at *6-8. We reasoned that *Johnson* was limited by its own terms to criminal statutes, like the ACCA, that define elements of a crime or fix punishments—neither of which the advisory guidelines do. *Id.* at *6. The vagueness doctrine, we explained, rests on a lack of notice, but the Sentencing Guidelines, because they are merely advisory, cannot give rise to an expectation protected by due process. *See id.* at *7. Therefore, *Matchett* precludes the success of Walker's argument based on *Johnson* that the residual clause in § 4B1.2(a)(2) of the guidelines is unconstitutionally vague.

As for Walker's challenge to whether his prior conviction for burglary of a dwelling, Fla. Stat. § 810.02(1)(b), (3), qualifies as a crime of violence under § 4B1.2(a)(2), *Matchett* likewise controls. We review *de novo* whether a prior conviction qualifies as a "crime of violence" under the Sentencing Guidelinesand may affirm for any reason supported by the record, even if not relied on by the district court. *United States v. Chitwood*, 676 F.3d 971, 975 (11th Cir. 2012).

In *Matchett*, we addressed whether a prior conviction for burglary of an unoccupied dwelling under Florida Statute § 810.02(1)(b), (3)(b), qualified as a crime of violence under the guidelines. In analyzing the conviction, we first found that this offense was not a "burglary of a dwelling" under the enumerated crimes clause of § 4B1.2(a)—rejecting the government's position here—because the Florida offense includes burglary of "the curtilage" of the dwelling, Fla. Stat. § 810.011(2), which takes the offense outside of the federal definition of "generic burglary." *Matchett*, 2015 WL 5515439, at *9. In addition, the government had not presented evidence showing that the jury found the defendant guilty of all the elements of generic burglary. *Id.* For the same reasons, Walker's conviction for burglary of a dwelling under Florida law is not a "burglary of a dwelling" under the guidelines.

Nevertheless, we went on to conclude in *Matchett* that burglary of an unoccupied dwelling under Florida law was "a crime of violence under the residual clause of the career-offender guideline because it 'involves conduct that presents a serious potential risk of physical injury to another.'" *Id.* (quoting U.S.S.G. § 4B1.2(a)(2)). We concluded that a "burglar's presence in the curtilage of the structure presents a serious potential risk that violence will ensue and someone will be injured." *Id.* (quoting *United States v. Matthews*, 466 F.3d 1271, 1275 (11th

Cir. 2006)).  Thus, Walker's contention that burglary of the curtilage of a structure does not fall within the residual clause of § 4B1.2(a)(2) is now foreclosed.

Consequently, under *Matchett*, the residual clause of § 4B1.2(a)(2) of the guidelines is not unconstitutionally vague, and the district court did not err in finding that Walker's Florida conviction for burglary of a dwelling qualifies as a "crime of violence" under the residual clause.  We affirm Walker's conviction and sentence.

**AFFIRMED.**