[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-13386
Non-Argument Calendar
_____

D.C. Docket No. 0:15-cr-60224-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CALVIN FORD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 11, 2017)

Before MARCUS, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Calvin Ford appeals his total 180-month sentence for one count of felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), and one count of possession with intent to distribute a substance containing heroin and a substance containing 28 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)–(C).  On appeal, Ford argues that the district court erred by applying the career offender enhancement in calculating his advisory guidelines range.  Ford argues that the career offender guideline's residual clause is unconstitutionally vague in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) (invalidating the residual clause of the Armed Career Criminal Act ("ACCA")), and that his Florida burglary of a conveyance with battery conviction does not qualify under either the elements or the enumerated offenses clauses.  In an issue heading, Ford states that recent the amendments to the Sentencing Guidelines should apply retroactively to his case, but he raises no arguments in support of this position.

We review "*de novo* whether a defendant's prior conviction qualifies as a 'crime of violence' under the Sentencing Guidelines."  *United States v. Harris*, 586 F.3d 1283, 1284 (11th Cir. 2009).  A party seeking to raise a claim or issue on appeal must indicate so plainly and prominently.  *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (noting that passing references to an

2

argument are insufficient to raise it on appeal).  If a party has not done so, we consider the argument abandoned.  *Id.*

Under the Sentencing Guidelines, a defendant is designated as a "career offender" if (1) he was at least 18 years old when he committed the instant offense, (2) the instant offense was a crime of violence or a controlled substance offense, and (3) he had at least two prior felony convictions for a crime of violence or a controlled substance offense.  U.S.S.G. § 4B1.1(a).  The 2015 Sentencing Guidelines defined a "crime of violence" as any offense punishable by imprisonment for a term exceeding one year under state or federal law that:

> (1)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (2)    is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a) (2015).  The first prong of this definition is referred to as the "elements clause," while the second prong contains the "enumerated offenses clause" and the "residual clause."  *See United States v. Chitwood*, 676 F.3d 971, 975 (11th Cir. 2012).  Amendment 798 to the Sentencing Guidelines amended the definition of a "crime of violence" under U.S.S.G. § 4B1.2(a)(2).  U.S.S.G. App. C, amend. 798 (Supp. Aug. 1, 2016).  The amended version of § 4B1.2(a)(2) no longer includes the residual clause.  *Id.*  The amendment states that it does not apply retroactively to sentences imposed prior to August 1, 2016.  *Id.*

3

The Sentencing Guidelines are advisory rather than mandatory. *United States v. Booker*, 543 U.S. 220, 245 (2005).  However, sentencing courts must still determine a defendant's applicable guidelines range under the Sentencing Guidelines before imposing a sentence. *United States v. Kinard*, 472 F.3d 1294, 1297 (11th Cir. 2006).

We have held that Florida burglary qualifies as a predicate offense under the residual clause of the crime of violence definition. *United States v. Matchett*, 802 F.3d 1185, 1196–97 (11th Cir. 2015) (holding that Florida burglary of an unoccupied dwelling qualifies as a crime of violence under the residual clause because it involves conduct that presents a serious potential risk of physical injury to another); *United States v. Matthews*, 466 F.3d 1271, 1275 (11th Cir. 2006) (holding that Florida third-degree burglary qualified as a predicate offense under the residual clause of the ACCA's violent felony definition).

In *Johnson*, the Supreme Court held that the residual clause of the ACCA was unconstitutionally vague because it created uncertainty about (1) how to evaluate the risks posed by the crime and (2) how much risk it takes for a crime to qualify as a violent felony.  135 S. Ct. at 2257–58.  Subsequently, in *Matchett*, we held that *Johnson* did not apply to the residual clause of the definition of a crime of violence under the Sentencing Guidelines.  802 F.3d at 1194.  We determined that *Johnson* was limited by its own terms to "criminal statutes that define[d] elements

4

of a crime or fixed punishments." *Id.*  Thus, we held that the Sentencing Guidelines were not subject to challenges based on vagueness.  *Id.*  In *Beckles v. United States*, the Supreme Court confirmed our holding in *Matchett* by also holding that the advisory Sentencing Guidelines are not subject to vagueness challenges and that the residual clause contained in § 4B1.2(a)(2) of the Guidelines was not void.  *Beckles v. United States*, __ U.S. __, 137 S.Ct. 886, 895 (2017).

As an initial matter, Ford abandoned any argument that Amendment 798 should apply retroactively to his sentence.  *Jernigan*, 341 F.3d at 1283 n.8.

The district court did not err in sentencing Ford as a career offender.  Ford does not argue on appeal that his 2013 Florida conviction for burglary of a conveyance with battery does not qualify as a crime of violence under the Guidelines' residual clause; instead, he argues only that the residual clause is void for vagueness, and that argument is foreclosed by binding precedent from both this Court and the Supreme Court.  *Beckles*, 137 S.Ct. at 895; *Matchett*, 802 F.3d at 1194.

Accordingly, we affirm Ford's 180-month sentence.

**AFFIRMED.**