Billy ALEXANDER, Petitioner–
Appellee,

v.

Kenneth ROBINSON, Respondent–
Appellant.

No. 00–1449.

United States Court of Appeals,
Sixth Circuit.

April 18, 2001.

Before WELLFORD, RYAN, and
SUHRHEINRICH, Circuit Judges.

RYAN, Circuit Judge.

The respondent, Kenneth Robinson,
warden at Mound Correctional Facility in
Detroit, Michigan, appeals the district
court's grant of petitioner Billy Alexan-
der's *habeas corpus* application brought
pursuant to 28 U.S.C. § 2254.  We will
reverse.

I.

On June 18, 1994, Billy Alexander, Jim-
my Ray Sanders, and Ralph Sergott met

Carrie Lyn Hasley and Arville Cole, Jr., in the parking lot of R.J.'s Party Store in Romulus, Michigan. Cole asked Alexander, Sanders, and Sergott if they were interested in buying a radio, and after receiving positive responses, the five of them went to Sergott's home to get the money needed for the radio purchase.

While sitting in Sergott's car, Alexander, Sanders, and Sergott examined the radio. Alexander then pulled out a handgun and pointed it at Hasley and Cole, who were standing outside of the car. Hasley testified that Sergott demanded her purse and then Sanders demanded her gold chains. Cole testified that someone demanded his beeper, but he was unsure which person made the demand. After Hasley refused to part with either her purse or chains, Alexander fired the weapon. Cole stepped in front of Hasley and was struck by the bullet; it traveled through his body and hit Hasley.

On October 19, 1995, after a state court bench trial, Alexander was convicted of: (1) one count of assault with intent to commit armed robbery, Mich. Comp. Laws § 750.89; (2) two counts of felonious assault, Mich. Comp. Laws § 750.82; and (3) one count of possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. He was sentenced to a prison term of 10–20 years on the assault with intent to commit armed robbery count, a concurrent term of two to four years for each of the felonious assault charges, and a mandatory consecutive two year term on the felony firearm count. The Michigan Court of Appeals affirmed the conviction and sentence, *People v. Alexander*, No. 192385 (Mich. Ct.App. June 27, 1997) *(per curiam )* (unpublished disposition), and the Michigan Supreme Court denied leave to appeal, *People v. Alexander*, 457 Mich. 857, 581 N.W.2d 729 (1998).

On April 26, 1999, Alexander filed an application for a writ of *habeas corpus* in federal court pursuant to 28 U.S.C. § 2254, challenging his conviction for assault with intent to commit armed robbery with respect to Hasley's purse and gold chains. On December 30, 1999, a magistrate judge recommended that the writ be granted. The magistrate judge's report concluded that (1) there was insufficient evidence to support Alexander's conviction as a principal for assault with intent to commit armed robbery; and (2) the Michigan Court of Appeals erroneously relied on an aider and abettor theory to affirm Alexander's conviction, thus violating the Double Jeopardy Clause of the United States Constitution because the trial court had expressly acquitted Alexander on all charges of aiding and abetting. On March 22, 2000, the district court adopted the magistrate judge's report and entered judgment granting Alexander's *habeas corpus* application under 28 U.S.C. § 2254.

## II.

Because Alexander's *habeas* application was filed on April 26, 1999, after the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective on April 24, 1996, AEDPA provisions prescribe the appropriate standard of review. *See Lindh v. Murphy*, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). The district court's legal conclusions are reviewed *de novo* and its factual findings for clear error. *Lucas v. O'Dea*, 179 F.3d 412, 416 (6th Cir.1999). This court must defer to the state court's legal conclusions unless they are contrary to or unreasonably apply clearly established federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1). We defer to the state court's factual conclusions unless they are based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(2).

**458**

A state court decision is contrary to Supreme Court precedent if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [theirs]." *Williams v. Taylor*, 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state court decision will be deemed to be "objectively unreasonable" if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies it to the facts of the particular state prisoner's case ... [or] if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 376, 407, 120 S.Ct. 1495.

### III.

Only Alexander's conviction for assault with intent to commit armed robbery of Hasley's purse and gold chains is at issue in this appeal. In summary, Alexander pointed a gun at Hasley and Cole while Sergott demanded Hasley's purse, Sanders demanded her gold chains, and someone demanded Cole's beeper. Alexander contends that there is insufficient evidence to support his conviction. We believe that the district court misconstrued the portions of the state trial court transcript concerning Alexander's conduct and erroneously concluded that Alexander's double jeopardy rights were violated when the Michigan Court of Appeals affirmed his conviction.

The state trial court judge concluded that Alexander had not pointed the gun at Hasley and Cole with the purpose of committing a murder or causing great bodily harm, but instead, Alexander was trying to scare Cole and get him to back away from the car so they could escape with the radio. With respect to Alexander's culpability for assault with intent to commit armed robbery of Hasley's purse and gold chains, the judge stated:

> I do believe without any question that proof beyond a reasonable doubt has been shown with the assault with the intent to [commit armed robbery]. *I believe certainly that Mr. Alexander demanded the purse from Ms. Hasley while he was armed with a gun;* that he did so with the intent to take that, to steal it and rob it....

(Emphasis added.)

While Alexander was not charged with intent to commit armed robbery of Cole or aiding and abetting an assault on Cole, the trial court judge stated his position relating to Alexander's possible guilt with respect to Cole:

> I think that the best that can be said even about the beeper is that Mr. Cole in my notes said that he doesn't know who said, "Give up the beeper," that he threw it inside.... I can't say beyond a reasonable doubt based on what Mr. Cole testified to, that it was the defendant, Mr. Alexander, who said it and resulted with him throwing that in there while the gun was [pointed at him] and conversely *I cannot hold him responsible as aiding and abetting just by holding the gun if somebody else started making some demands because I can't see where there was an intent that was formed between the parties to do that.*

(Emphasis added.)

In a very brief *per curiam* opinion, the Michigan Court of Appeals concluded that there was sufficient evidence to convict Alexander for assault with the intent to commit armed robbery. The Michigan Court of Appeals noted:

> The elements of assault with intent to commit armed robbery are: (1) an as-

sault with force or violence, (2) with the intent to rob and steal, and (3) the attacker was armed.... In the instant case, there was testimony that defendant pointed a gun at the victim while demands that she turn over her gold chains and purse were made. *Under the aider and abettor statute, it is immaterial who, defendant or the other two men he was with, actually made the demands.*

*People v. Alexander,* No. 192385 (Mich. Ct.App. June 27, 1997) (*per curiam* ) (unpublished disposition) (emphasis added).

In the magistrate judge's report, adopted in full by the district court, the magistrate judge recommended that Alexander's *habeas corpus* application be granted for two reasons: (1) the trial court had explicitly acquitted Alexander of all liability as an aider and abettor; and (2) there was insufficient evidence to support his conviction as a principal for assault with intent to commit armed robbery of Hasley. Specifically, the magistrate judge concluded:

> The trial judge, sitting as the trier of fact, specifically found the facts, as he determined them, to be insufficient to support conviction on an aiding and abetting theory.... In essence, the trial judge acquitted petitioner of guilt under an aiding and abetting theory because there were no facts to support an essential element of aiding and abetting: intent on the part of the defendant to commit the crime or knowledge by the defendant that the principal intended to commit the crime at the time aid or encouragement was given.... This being the case, the court of appeals could not affirm petitioner's conviction on the basis that the evidence was sufficient to support a conviction on a different theory–aiding and abetting–when the trier of fact expressly acquitted petitioner of guilt on this theory. To do so would

constitute a violation of the Double Jeopardy Clause.

This court must find that the evidence is sufficient to convict Alexander if "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under Michigan law, the elements of assault with intent to commit armed robbery are: (1) assault with force and violence; (2) intent to rob or steal; and (3) defendant's being armed. *See People v. Cotton,* 191 Mich.App. 377, 478 N.W.2d 681, 688 (1991). Intent, a question of fact, can be inferred from the circumstances. *See People v. Harris,* 110 Mich.App. 636, 313 N.W.2d 354, 358 (1981).

After carefully reviewing the state trial court transcript, we think it is clear that the trial court judge concluded that there was no evidence to find Alexander guilty of aiding and abetting *only* with respect to Cole's beeper and radio. The issue before this court is whether the evidence is sufficient to uphold the conviction of assault with intent to commit armed robbery with respect to Hasley and her purse and gold chains. The trial court judge's comments about aider and abettor liability with respect to Cole's beeper should not be construed as a blanket acquittal of all possible liability as an aider and abettor. Therefore, the Michigan Court of Appeals did not violate Alexander's double jeopardy rights when it affirmed Alexander's conviction based on the conclusion that even if Alexander had not himself made the demands for Hasley's purse and gold chains, his intent to rob her could be inferred from the circumstances.

## IV.

We conclude that sufficient evidence exists to support Alexander's conviction and

that his constitutional rights were not violated by the Michigan Court of Appeals' affirmance of his conviction. Therefore, we REVERSE the district court's judgment granting Alexander's application for a writ of *habeas corpus* and reinstate the judgment of conviction.