**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 17a0546n.06

Case No. 16-1795

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Oct 02, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| JOSEPH GOODRICH, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | OPINION |

BEFORE: SUTTON, DONALD, and THAPAR, Circuit Judges.

**BERNICE BOUIE DONALD, Circuit Judge.** Defendant-Appellant Joseph Goodrich appeals his sentence for being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). Goodrich contends that his previous conviction for armed robbery, Mich. Comp. Laws § 750.529, or assault with intent to rob while armed, Mich. Comp. Laws § 750.89, are not "crimes of violence" under the United States Sentencing Guidelines ("U.S.S.G."), and that classifying those convictions as such improperly increased his base offense level from 14 to 24 and his advisory range from 41-51 months to 110-120 months. Because Goodrich's robbery offenses qualify as violent crimes under the residual clause of U.S.S.G. § 4B1.2(a), we **AFFIRM** the judgment of the district court.

I.

On March 11, 2010, Defendant-Appellant Joseph Goodrich was indicted for being a felon in possession of a firearm and for possession of marijuana with intent to distribute. In May 2010, Goodrich pleaded guilty to the felon in possession charge and was sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), to 188 months in prison and three years of supervised release.

After the Supreme Court issued *Johnson v. United States*, 135 S. Ct. 2551 (2015)—holding that the residual clause in the ACCA's definition of "violent felony" was unconstitutionally vague—Goodrich moved to vacate his sentence under 28 U.S.C. § 2255. *Goodrich v. United States*, No. 1:16-cv-00057-RHB (W.D. Mich. 2016). The government conceded that Goodrich no longer qualified as an armed career criminal because, absent the residual clause, one of the predicate convictions for the statutory enhancement—being a prisoner in possession of a weapon, Mich. Comp. Laws § 800.283(4)—no longer qualified as a violent felony. *Id.* The district court granted the motion to vacate Goodrich's sentence and set the matter for resentencing.

In scheduling the resentencing hearing, the district court ordered that a modified presentence investigation report ("MPSR") be prepared. The MPSR calculated Goodrich's base offense level at 24 under U.S.S.G. § 2K2.1(a)(2), relying on his previous convictions for assault with intent to rob while armed and armed robbery as "crimes of violence," as defined in § 4B1.2(a). Four levels were added to Goodrich's range under § 2K2.1(b)(6) because he possessed a firearm in connection with another felony offense, while three levels were subtracted to reflect his acceptance of responsibility. With Goodrich's criminal history category calculated

at VI, the advisory guideline range rested at 110-120 months. Goodrich objected to the classification of the robbery convictions while the government supported the calculations.

On June 9, 2016, the district court held a resentencing hearing and heard arguments on whether the robbery convictions should be considered "crimes of violence." Ultimately, the district court overruled Goodrich's objections, stating that "an armed robbery categorically should qualify" as a violent crime because "by virtue of the arming and by virtue of the demands, the victim relinquishes property. . . . Of course there's force." The district court imposed a sentence of 120 months—the statutory maximum. This timely appeal followed.

II.

The dispositive portion of Goodrich's appeal is his contention that the district court improperly calculated his base offense level under § 2K2.1(a) by wrongly classifying his previous convictions as "crimes of violence." This Court reviews the district court's classification of Goodrich's predicate offenses as "crimes of violence" de novo. *United States v. Goodman*, 519 F.3d 310, 316 (6th Cir. 2008). At the time of Goodrich's original sentencing[1] § 4B1.2(a) defined an offense as a "crime of violence" if it (1) had "as an element the use, or attempted use, threatened use of physical force against the person of another"; (2) was "burglary of a dwelling, arson, or extortion, [or] involve[d] use of explosives"; or (3) "otherwise involve[d] conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a). Goodrich claims that his predicate offenses fail to qualify under any of the three prongs.

However, Goodrich's entire appeal is based on the premise that the third prong of § 4B1.2(a), the "residual clause," is unconstitutionally vague. This proposition is informed by

---

[1] *See* 18 U.S.C. § 3742(g)(1) ("A district court to which a case is remanded . . . shall apply the guidelines . . . that were in effect on the date of the previous sentencing of the defendant prior to the appeal"); *United States v. Hughes*, 733 F.3d 642, 645 (6th Cir. 2013) ("the district court at resentencing [should] apply the Guidelines that were in effect at the time of the defendant's *original* sentencing") (citing *United States v. Taylor*, 648 F.3d 417, 424 (6th Cir. 2011)).

the Supreme Court's decision in *Johnson*, which held that the identical language in the ACCA's residual clause—i.e., presenting a serious potential risk of physical injury—was unconstitutionally vague. 135 S. Ct. at 2563. After *Johnson*, this Court extended that reasoning and held that the residual clause in the Sentencing Guidelines was also unconstitutionally vague. *United States v. Pawlak*, 822 F.3d 902, 907 (6th Cir. 2016).

However, the Supreme Court has since issued *Beckles v. United States*, 137 S. Ct. 886 (2017), which held that the "advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." *Id.* at 895. As a result, we are bound to consider Goodrich's earlier convictions on the basis of the revived (though no longer extant, having been removed by the Sentencing Commission)[2] residual clause.

At resentencing, the district court determined Goodrich's base offense level based on the following convictions: (1) armed robbery, Mich. Comp. Laws § 750.529, and (2) assault with intent to rob while armed, Mich. Comp. Laws § 750.89. Goodrich argues that the district court improperly calculated his sentence because neither of those convictions would count as a "crime of violence" without the residual clause. Indeed, the government conceded that the residual clause was void in the wake of *Pawlak*, while still arguing that Goodrich's convictions were violent crimes under the enumerated and elements clauses.

*Beckles* has altered that landscape. Because the Sentencing Guidelines do not require a mandatory minimum sentence and instead "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range," the residual clause therein is not

---

[2] *See* U.S.S.G. Supp. App. C., amendment 798, 81 Fed. Reg. 4741-02 (Jan. 27, 2016) (defining a "crime of violence" as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another," or is one of the following: "murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use of unlawful possession of a firearm . . . or explosive material . . ."); *see also* U.S.S.G. § 4B1.2(a) (2016).

subject to a vagueness challenge. *Beckles*, 137 S. Ct. at 892. Thus, we need not address whether

Goodrich's convictions meet either the elements or enumerated clauses if they still qualify as

violent crimes under the residual clause in place at the time of his sentencing and resentencing.

Though neither the MPSR, the parties, and the district court did not consider the residual clause

at resentencing—due to *Pawlak*—the Court may nonetheless "affirm the district court on any

ground supported by the record." *United States v. Phillips*, 752 F.3d 1047, 1049 (6th Cir. 2014).

This Court has already determined that armed robbery under Mich. Comp. Laws

§ 750.529 qualifies as a crime of violence under the residual clause of the Guidelines. *United

States v. Tibbs*, 685 F. App'x 456, 461 (6th Cir. 2017) ("[T]he armed robbery statute at issue has

as an element the taking of property from the victim's person or presence . . . [and] requires that

the offender be armed with an actual or perceived weapon, which only increases the risk of

violence. Michigan armed robbery therefore fits within the residual clause of the Guidelines.").

As in *Tibbs*, Goodrich makes various arguments regarding whether the statutory elements of his

conviction require physical force or threatened use of force that are not necessary to our analysis,

given § 4B1.2(a)'s residual clause. *See id.* ("[I]n light of *Beckles*, we need not parse the

Michigan armed robbery statute to determine whether it satisfies the force-as-an-element clause

because it qualifies as a crime of violence under the residual clause . . . ."). Thus, Goodrich's

armed robbery conviction properly qualifies as a crime of violence under § 4B1.2(a).

Though this Court has not directly addressed whether assault with intent to commit

armed robbery under Michigan law qualifies as a crime of violence under the Sentencing

Guidelines' residual clause, it is equally clear. Mich. Comp. Laws § 750.89 criminalizes "[a]ny

person, being armed with a dangerous weapon, or any article used or fashioned in a manner to

lead a person assaulted reasonably to believe it to be a dangerous weapon, who shall assault

another with intent to rob and steal . . . ." This Court has elsewhere explained that the offense requires: (1) an assault with force and violence; (2) intent to rob or steal; and (3) while armed. *See Alexander v. Robinson*, 11 F. App'x 456, 459 (6th Cir. 2001) (citing *People v. Cotton*, 478 N.W.2d 681, 688 (Mich. Ct. App. 1991)). Given that the necessary elements to the offense include assault with force or violence—while armed, no less—Michigan's definition of the crime categorically presents a serious risk of potential physical injury to another. Like armed robbery, it has an element of force with intent to deprive the victim of his or her property. It also requires that the offender be armed—"which only increases the risk of violence." *Tibbs*, 685 F. App'x at 461. Moreover, this Court has previously stated that assault with intent to rob while armed was properly designated a "crime of violence" under § 4B1.1. *See United States v. King*, 172 F.3d 50 (table) (6th Cir. 1998) (defendant "had previously been convicted as an adult of a crime of violence (assault with intent to rob while armed)"); *United States v. Maddalena*, 893 F.2d 815, 819 (6th Cir. 1989) (upholding sentence under § 4B1.1 in which one of the prior convictions was assault with intent to rob while unarmed). Michigan's assault with intent to rob while armed therefore, at a minimum, fits within the residual clause of the Guidelines.

Because we conclude—based on prior decisions of this Court and independent analysis— that Goodrich's convictions under Mich. Comp. Laws §§ 750.529 and 750.89 qualify as "crimes of violence" under the residual clause in place at the time of Goodrich's sentencing, we do not consider the government's alternative arguments that both crimes satisfy the elements or enumerated clauses definitions. Accordingly, the district court did not err in calculating Goodrich's base offense level or advisory range and we affirm Goodrich's sentence of 120 months.

III.

For the reasons stated above, we AFFIRM Goodrich's sentence.